**J.B. VENDING COMPANY, INC.,**
**Plaintiff–Appellant,**

v.

**Kimberly HAILEY and Division of Employment Security, Defendants–Respondents.**

No. 24674.

Missouri Court of Appeals,
Southern District,
Division Two.

May 30, 2002.

Carl J. Lumley, Paul E. Martin, Clayton, for Appellant.

No appearance for respondent.

JOHN E. PARRISH, Judge.

J.B. Vending Company, Inc., (employer) appeals a decision of the Labor and Industrial Relations Commission (the commission) awarding unemployment benefits to Kimberly Hailey (employee). Employer contends the evidence before the commission did not provide sufficient competent evidence to support the award. This court reverses.

This court's review of decisions of the commission in unemployment compensation cases is undertaken pursuant to § 288.210 [1] that provides in pertinent part:

The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

Employee began working for employer June 28, 2000. Her last workday was June 1, 2001. She left her employment that day because of her pregnancy and impending delivery. Employee provided employer written notification from her physician, Dr. Gregory S. Stamps. It was dated "6–1–01." The notice was handwritten on a prescription form with employee's name written on the blank provided for that purpose. It stated, "Please excuse from work beginning 6–3–01 due to anticipated delivery." Dr. Stamps' signature appears at the bottom of the paper.

Employer notified employee by letter dated June 20, 2001, that she had been released from employment for "medical reasons." The letter stated that in order to be granted a leave of absence, she would have to have worked for employer for 12 months; that because her "hire

date" was June 28, 2000, she did not meet that requirement.

After receiving the letter notifying her that she had been discharged, employee sought unemployment compensation benefits. The commission found employee last worked on June 1, 2001; that she gave employer a medical statement indicating she needed to be off work to deliver her child; that she gave birth June 7, 2001. The commission found employee had been released by her doctor to return to work on July 30, 2001; that employee contacted employer and was informed employer had no work available for her. The commission found that employee "had previously been promised a job when she returned"; that she "had been hired on June 28, 2000."

The commission concluded:

At the time [employee] as [sic] released to return to work on July 30, 2001, and contacted her supervisor in an attempt to do so, [employee] had worked for the employer for over one year. This being so, [employee's] separation from work came under the provisions of Section 288.050.1(1)(d) RSMo. The record reflects that [employee] complied with every requirement of the statute and therefore her separation from work, though voluntary in nature, (effective July 30, 2001) was a nondisqualifying event. It is concluded that [employee] voluntarily left her employment on July 30, 2001, and that pursuant to the provisions of Section 288.050.1(1)(d), RSMo, she is not disqualified for benefits as a result thereof.

Employer's brief presents one point on appeal. It contends the commission erred in concluding that employee had been employed for one year and was entitled to

---

1. Reference to statutes are to RSMo 2000.

**50**

unemployment benefits under § 288.050.1(1)(d) because there was no competent and substantial evidence that employee was employed for a period of one year. Employee filed no brief in response to that claim.[2]

This court's review is undertaken first to ascertain whether the record, viewed in the light most favorable to the decision, contains sufficient competent and substantial evidence to support the commission's decision. *Lost in the Fifties, LLC v. Meece*, 71 S.W.3d 273, 276 (Mo.App.2002). If it does, a further determination must be made regarding whether the commission's decision is against the overwhelming weight of the evidence. *Id.*

Section 288.050.1(1) provides that an employee shall not receive unemployment benefits if "[t]hat [employee] has left work voluntarily without good cause attributable to such work or to the [employee's] employer" subject to certain exceptions. Section 288.050.1(1)(d) provides an exception for an employee who is forced to leave work because of pregnancy if the employee has been employed at least one year with the same employer. It states:

> As to initial claims filed after December 31, 1988, if the claimant presents evidence supported by competent medical proof that she was forced to leave her work because of pregnancy, notified her employer of such necessity as soon as practical under the circumstances, and returned to that employer and offered her services to that employer as soon as she was physically able to return to work, as certified by a licensed and practicing physician, but in no event later than ninety days after the termination of the pregnancy. An employee

shall have been employed for at least one year with the same employer before she may be provided benefits pursuant to the provisions of this paragraph.

Employee began working for employer June 28, 2000. She last worked on June 1, 2001. She provided employer with a statement from her physician stating she should be excused from work beginning June 3 "due to anticipated delivery." Thus, she left work voluntarily, without good cause attributable to her work, at the end of the June 1 workday. Absent a statutory exception, employee would not be entitled to unemployment benefits by reason of § 288.050.1(1). The commission found that the statutory exception for leaving work because employee was forced to do so because of pregnancy set forth in § 288.050.1(1)(d) applied, notwithstanding its requirement that an employee must have been employed by the same employer at least one year at the time she left work. The commission found employee had been promised a job "when she returned"; that her separation from work occurred July 30, 2001, the date her physician released her to return to work. On those bases, the commission concluded employee, having been hired June 28, 2000, and having been deemed to have left work voluntarily July 30, 2001, was not disqualified from receiving unemployment benefits.

The evidence was, as the commission found, that employee commenced working for employer June 28, 2000. Likewise, the evidence was that employee's physician notified employer that employee was medically able to return to work July 30, 2001. Assuming, *arguendo*, (and disregarding the evidence that employer notified employee by letter dated June 20, 2001, that

**2.** There is no penalty for a respondent failing to file a brief. *Estate of Klaas*, 8 S.W.3d 906, 908 (Mo.App.2000). That omission, however, requires this court to adjudicate the appel-lant's claim of error without benefit of whatever argument respondent might have made in response. *Id.*

she was released from employment due to her medical condition) that this evidence sufficed, when viewed in the light most favorable to the commission's decision, as sufficient competent evidence to support the commission's decision, that decision is against the overwhelming weight of the evidence.

The commission found employee "had previously been promised a job when she returned." Employee testified her supervisor offered her a position in May to return when her physician released her. She testified she talked to the supervisor in June and was told to let him know as soon as she was released to return to work; that "we'll get started on bringing you back." Employee testified that when she contacted the supervisor after being released for return to work, she was told there was no longer a position available. She acknowledged this occurred after she received the June 20 letter notifying her that employer had made the decision to release her from employment.

Employee called Rodney Dennis who had taken over her job after she left work. He had been employee's assistant before she left. Employee asked Mr. Dennis if he was aware employer was going to terminate her if she delivered before her one-year anniversary. He answered that he was. He said the general manager told him that she would be terminated due to not qualifying for medical leave. Mr. Dennis was asked if he was aware employee had been offered a position during the month of May 2001 to which she could return. He stated the general manager had told him this. He was then asked if this was still the plan in the month of June. Mr. Dennis answered, "No, not to my knowledge." He continued, "[The general manager] had also talked to me again stating that you would be terminated, that

there was no position for you to come back to."

The overwhelming weight of the evidence is contrary to the commission's finding that employee worked from June 28, 2000, until July 30, 2001. The uncontradicted evidence was that employee was discharged June 20, 2001, following her having left her employment June 1, 2001, without good cause attributable to her work or to employer. Because employee had not been employed "at least one year" at the time of her June 20 discharge, she did not qualify for the exception provided by § 288.050.1(1)(d).

Courts are constrained to abide by the legislative pronouncements of the General Assembly in their review of the commission's decisions in unemployment compensation cases. *Wimberly v. Labor and Indus. Relations Com'n*, 688 S.W.2d 344, 350 (Mo. banc 1985). "It is for the General Assembly or Congress—and not the courts—to decide whether there are, or are not, sound public policy reasons for granting unemployment compensation to women who leave work on account of pregnancy. In the absence of an unequivocal expression of intent by either of those bodies, we shall abide by the existing law." *Id.* The governing statute does not allow an employee who leaves her work because of pregnancy to receive unemployment benefits unless she had been employed by the same employer for at least one year. § 288.050.1(1)(d).

Employee's last day of work was June 1, 2001. Even if she were deemed to not have left work until employer issued the June 20, 2001, termination letter, she did not meet the one-year employment requirement for receipt of unemployment benefits.[3] The commission's decision that

---

**3.** Employee acknowledged her plight. At the

conclusion of the hearing on her application

employee had worked at least one year and, thereby, was entitled to unemployment benefits by reason of § 288.050.1(1)(d) was against the overwhelming weight of the evidence. Employer's point on appeal is granted. The commission's decision awarding benefits is reversed.

GARRISON, P.J., and RAHMEYER, J., concur.

for benefits, she told the deputy who conducted the hearing, "I just think it's very sad that

I was eight days away from my one-year anniversary when terminated."