GLASGOW ENTERPRISES, INC., Respondent,

v.

Oscar BROOKS and Augustine Brooks, Appellants,

and

Homeowners Loan Corporation, Defendant.

No. ED 88327.

Missouri Court of Appeals, Eastern District, Division One.

April 17, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 7, 2007.

Application for Transfer Denied Oct. 30, 2007.

Scott Donald Mosier, St. Louis, MO, for appellant.

Thomas A. Connelly, St. Louis, MO, for respondent.

OPINION

MARY K. HOFF, Judge.

Oscar Brooks (Mr. Brooks) and Augustine Brooks (Mrs. Brooks) (collectively the Brooks) appeal from the trial court's judgment in favor of Glasgow Enterprises, Inc. (Glasgow) and against the Brooks on Glasgow's petition to quiet title to certain real property under Section 140.330. The Brooks argue that the trial court erred in entering its judgment because Glasgow failed to provide notice of the right to redeem the property to Mrs. Brooks, as required by Section 140.405. We reverse and remand with instructions.

*Factual and Procedural Background*

On April 14, 1998, Mr. Brooks purchased by general warranty deed the real property in St. Louis County known and numbered as 10728 Sibley Court (the Property). In August 1998, Mr. Brooks married Mrs. Brooks. In 1999, 2000, and 2001, Mr. Brooks fell behind on the taxes for the Property. In June 2002, Mr. Brooks refinanced the Property to assist in paying the back taxes. The settlement statement for the refinancing identified Mr. Brooks as the "Borrower," Homeowners Loan Corporation (Homeowners) as the "Lender," and Nations Title as the "Settlement Agent." The settlement statement showed under "Disbursements to Others" $4,563.07 as payoff to the Collector of Revenue.[1]

Also as part of the refinancing, the Brooks executed a Deed of Trust, which was filed in the St. Louis County Recorder of Deeds office on January 28, 2004. The Deed of Trust identified the Brooks as the "Grantor" and the "Borrower." An asterisk after their names indicated "husband and wife, executed by the spouse to subject their homestead interest in the premises to this mortgage." The Deed of Trust included the signatures of both Mr. and Mrs. Brooks as the "Borrower."

On August 26, 2002, Glasgow purchased the Property at a delinquent land tax auction conducted by the Collector of Revenue for St. Louis County (the Collector) for $4,706, representing the amount of unpaid taxes, costs, and charges for the years 1999, 2000, and 2001.

On March 22, 2004, Glasgow obtained a record title search (Letter Report) of the Property from Old Republic Title Company of St. Louis, Inc. (Old Republic). The Letter Report prepared by Old Republic stated that it had made a search of the deed, mortgage, judgment, and tax records relating to the Property, that Mr. Brooks was the grantee in the last recorded deed, and that the Deed of Trust executed by the Brooks, husband and wife, to trustee for Homeowners, recorded January 28, 2004, was the unsatisfied mortgage of record.

In May 2004, Glasgow searched the St. Louis County Department of Revenue website for the legal owner of the Property. The website identified Mr. Brooks as the owner of the Property. Mr. Brooks never notified the taxing authorities to add Mrs. Brooks' name to the tax bills.

Glasgow sent by certified mail notification letters dated May 11, 2004, to Mr. Brooks, which was later returned unclaimed, Homeowners, and Nations Title. The letters stated the following:

This is to inform you that on August 26, 2002 the Collector of Revenue of St. Louis County Missouri offered the above-referenced real estate for sale in a delinquent tax sale. This offering was the third offering of such property by the Collector of Revenue. At the sale, Glasgow Enterprises, [Inc.] was the successful purchaser.

As per the statute if such publicly recorded deed of trust, mortgage, etc. is not redeemed in a timely manner, such recorded security or claim will be extinguished. Notice is hereby given to any person who holds a publicly recorded deed of trust per Section 140.250 & 140.405 of the revised statutes of Missouri upon real property known as 10728 Sibley Ct. Lot 110 of Hathaway Park, Amended Plat, a Subdivision in St. Louis, Missouri, according to the plat

1. The record before us is unclear regarding whether this amount was ever disbursed to the Collector of Revenue.

thereof recorded in Plat Book 109, Page(s) 22 and 23 of the St. Louis County Records. Locator # 10G511562. Of such person's right to redeem within 90 days of the date of this notice.

In May 2004, Mrs. Brooks typically would be home at the Property to receive the mail when delivered by a postal carrier.

Glasgow submitted to the Collector an affidavit of William J. Glasgow, dated May 11, 2004, and signed May 18, 2004, stating that he had sent a letter of notification to all parties and lien holders of the tax sale of the Property. No party redeemed the Property during the redemption period. During the redemption period, Glasgow insured the Property and paid all the taxes due.

On August 31, 2004, the Collector issued a Collector's Deed for Taxes (Collector's Deed) for the Property to Glasgow. In November 2004, Glasgow contacted the Brooks and told them that Glasgow owned the Property now.

In December 2004, Glasgow entered into a lease agreement with Mr. Brooks, who had been residing at the Property throughout with Mrs. Brooks. Mr. Brooks paid rent to Glasgow to continue living at the Property, not as repayment to Glasgow for the purchase price of the Property.

On March 22, 2005, Glasgow filed a petition seeking an order declaring and quieting title to the Property to Glasgow or, in the alternative, a judgment in *quantum meruit* in the amount of at least $7,362, Glasgow's costs incurred to purchase the Property. The petition named the following as defendants: the Brooks; Homeowners; and John Doe(s). The petition also identified the Brooks as owners of the Property.

The Brooks filed an answer in response to the petition as well as a counterclaim for quiet title and cancellation of the Collec-

tor's Deed. In their answer, the Brooks denied that Glasgow sent proper notice to all interested parties as required by Section 140.405. In their counterclaim, the Brooks argued that Glasgow did not send notice to the Brooks of their right to redeem the Property. Glasgow filed an answer in response to the Brooks' counterclaim.

Homeowners also filed an answer to Glasgow's petition. Ultimately, Glasgow and Homeowners entered into a consent judgment quieting title of the Property against Homeowners and barring Homeowners from enforcing its deed of trust or redeeming the Property. Homeowners is not a party to this appeal.

In August 2005, Glasgow filed a motion for summary judgment, along with exhibits, and a memorandum of law in support of its motion for summary judgment. The Brooks filed a reply to Glasgow's motion for summary judgment, along with exhibits, and a memorandum of law in support of its reply. Glasgow filed a sur-reply to the Brooks' reply to Glasgow's motion for summary judgment. After a hearing, the trial court denied Glasgow's motion for summary judgment because controverted issues of material fact existed.

In February 2006, the trial court held a hearing on Glasgow's petition and the Brooks' counterclaim. At the close of the evidence, the Brooks' filed a motion for directed verdict that argued, among other issues, that because of the publicly recorded Deed of Trust, Mrs. Brooks was entitled to notice of the right to redeem the Property, and Glasgow did not send notice to Mrs. Brooks. Glasgow filed a response to the Brooks' motion for directed verdict. Subsequently, the trial court denied the Brooks' motion for directed verdict.

In May 2006, the trial court entered a judgment in favor of Glasgow and against the Brooks on both Glasgow's petition and

the Brooks' counterclaim. The judgment quieted title to the Property to Glasgow. In the judgment, the trial court found that Glasgow properly notified the mortgage holder and the record owner of the Property, Mr. Brooks. The trial court noted that Mr. Brooks appeared as the only record owner on the Property, and Mr. Brooks married Mrs. Brooks after purchasing the Property, but he never caused Mrs. Brooks' name to be added as an owner. The court further found that three attempts were made to deliver the notification letter via certified mail to Mr. Brooks at the Property, that notice of said mail was left at the address informing Mr. Brooks that he could pick up the mail at the post office, and that Mr. Brooks never claimed the certified mail. Finally, the court found that the Brooks never offered to or tendered a refund of the taxes paid by Glasgow, and the only payments received by Glasgow from the Brooks were for rental payments due under the lease terms.

The Brooks appeal from the judgment.

## Standard of Review

In a court-tried case, the judgment must be affirmed unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We view the evidence and the inferences therefrom in the light most favorable to the judgment and disregard all contrary evidence. *Ortmann v. Dace Homes, Inc.*, 86 S.W.3d 86, 88 (Mo.App. E.D.2002). Additionally, we defer to the trial court's determinations as to the credibility of witnesses, and the trial court may believe all, part, or none of the testimony of any witness. *Id.* at 88–89.

## Discussion

■ The Brooks raise three points on appeal. We combine their first and second points on appeal, as they essentially make the same general argument. In their first and second points, the Brooks argue that the trial court erred in entering its judgment because Glasgow failed to provide notice of the right to redeem the Property to Mrs. Brooks, who had a claim to the Property as the wife of Mr. Brooks, as required by statute.

Section 140.405 provides in relevant part:

Any person purchasing property at a delinquent land tax auction shall not acquire the deed to the real estate ... until the person meets the following requirement or until such person makes affidavit that a title search has revealed no publicly recorded deed of trust, mortgage, lease, lien or claim on the real estate. At least ninety days prior to the date when a purchaser is authorized to acquire the deed, the purchaser shall notify any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon that real estate of the latter person's right to redeem such person's publicly recorded security or claim. Notice shall be sent by certified mail to any such person, including one who was the publicly recorded owner of the property sold at the delinquent land tax auction previous to such sale, at such person's last known available address. Failure of the purchaser to comply with this provision shall result in such purchaser's loss of all interest in the real estate.... Once the purchaser has notified the county collector by affidavit that proper notice has been given, anyone with a publicly recorded deed of trust, mortgage, lease, lien or claim upon the property shall have ninety days to re-

deem said property or be forever barred from redeeming said property.

■ The Brooks argue that Mrs. Brooks, as the wife of Mr. Brooks, had a Section 140.405 claim to the Property because the Property was transmuted from separate property into marital property in that the Brooks resided together as husband and wife in the house on the Property and Mr. Brooks acknowledged that Mrs. Brooks had an interest in the Property when he testified: "after I got the house, I knew that we were married and what's— what's mine is hers and what's hers is mine." [2] Assuming, without deciding, that the Property transmuted from separate property into marital property, such transmutation does not apply to Section 140.405 without a "publicly recorded" interest.

However, we conclude the publicly recorded Deed of Trust indicated that Mrs. Brooks had an interest in the Property entitling her to notice of the right to redeem the Property, as required by Section 140.405. The Letter Report obtained by Glasgow identified the Deed of Trust and, thus, the Letter Report notified Glasgow of Mrs. Brooks interest in the Property. Section 140.405 does not require notice to be given only to a publicly recorded owner of the property, i.e., Mr. Brooks, but it also requires notice to be given to any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon the property, i.e., Mrs. Brooks. Therefore, Mrs. Brooks was entitled to the statutorily required notice of the right to redeem the Property because she held a publicly recorded interest at the time notice was required. Glasgow did not notify Mrs. Brooks of her right to redeem the Property.

■ In their third point on appeal, the Brooks argue that the trial court erred in entering its judgment because Glasgow failed to provide notice of the right to redeem the Property to Mr. Brooks, as required by statute. Because of our determination under points one and two, this point is not dispositive. Nonetheless, we agree with the Brooks that the content of the notification letter was insufficient on its face.

In *Valli v. Glasgow Enterprises, Inc.*, 204 S.W.3d 273, 277 (Mo.App. E.D.2006),[3] we concluded that a letter materially the same as that at issue here failed to comply with the mandatory notice requirements of Section 140.405 because it: (1) failed to advise the property owner of her right to redeem the property or be forever barred from doing so; and (2) incorrectly stated the length of time in which the property owner could redeem the property. The letter at issue here contains the same deficiencies. Also in *Valli*, it appeared from the record that the property owner never received the letter. *Id.* at 275.

Because Glasgow failed to comply with the mandatory notice requirements of Section 140.405, Glasgow lost all interest in the Property. Accordingly, the trial court erred in entering judgment in favor of Glasgow and against the Brooks.

*Conclusion*

The judgment of the trial court is reversed, and the case is remanded to the trial court to enter a judgment quieting title to the Property to the Brooks and to

---

2. Separate property may be transmuted into marital property if there is evidence of an intent to contribute the property to the community. *Runge v. Runge,* 103 S.W.3d 804, 809 (Mo.App. E.D.2003).

3. We note that *Valli* was handed down after the trial court entered its judgment in this case.

make a determination regarding Glasgow's *quantum meruit* claim.

CLIFFORD H. AHRENS, Presiding Judge and NANNETTE A. BAKER, Judge: Concur.