**KEYLIEN CORPORATION,**
**Plaintiff/Appellant,**

v.

**Robert Lee JOHNSON and Sheron Johnson, Defendants,**

**Equity One, Inc.,**
**Defendant/Respondent,**

**Washington Mutual Bank,**
**FA, Defendant,**

and

**Pulaski Service Corp., Defendant.**

**No. ED 91444.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 17, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 31, 2009.

Application for Transfer Denied June 30, 2009.

Thomas W. Hayde, Spencer Fane Britt & Browne LLP, St. Louis, MO, for appellant.

Jerry Morgan, Kozeny & McCubbin, L.C., St. Louis, MO, for respondent.

KATHIANNE KNAUP CRANE, Judge.

Plaintiff appeals from the trial court's entry of summary judgment quieting title in defendant, Equity One, Inc., and declaring that the collector's deed and subsequent quitclaim deed to plaintiff were null and void. We reverse and remand because the facts in the summary judgment record do not entitle Equity One to summary judgment as a matter of law.

This case involves title to property on Green Valley Drive in the Atwater Terrace subdivision in St. Louis County (the property). On August 23, 2004, the St. Louis County Collector sold the property at a public auction to Wachovia Cust Sass Muni V D T R, a Delaware Limited Liability Company (Sass). At the time of the sale, Equity One held a security interest in the property securing a promissory note. Sass sent a notice to redeem letter to Equity One stating that "a deed can be issued for the property by the County Collector if not redeemed within 90–days from the date this notice is received." The letter was postmarked May 23, 2005, and was received by Equity One on May 25, 2005.

A year later, on May 30, 2006, Equity One purchased the property at a foreclosure sale resulting from defaults under the note and deed of trust. On August 26, 2006, a collector's Deed for Taxes was issued to Sass. On November 27, 2006, Sass's successor in interest conveyed the property to plaintiff, Keylien Corporation, by quitclaim deed.

Plaintiff thereafter filed a petition to quiet title to the property based on the quitclaim deed from Sass's successor. *See* section 140.330 RSMo (2000). As an affirmative defense, Equity One alleged that plaintiff's predecessor, Sass, failed to comply with Missouri statutes governing tax sales in that Sass failed to provide timely notice to defendant of its right to redeem the property, and that, as a result, plaintiff, as Sass's successor, possessed no ownership right, title, or interest in the property. Equity One also alleged as an affirmative defense that plaintiff failed to timely cause the deed to be recorded pursuant to section 140.410 RSMo (Supp. 2003). Plaintiff and Equity One each filed motions for summary judgment. The trial court granted summary judgment in Eq-

uity One's favor. It quieted title to the property in Equity One and ordered Equity One to pay plaintiff the amount paid for the property at the tax sale, plus interest.

## DISCUSSION

On appeal, plaintiff asserts that the court erred in entering summary judgment in Equity One's favor because (1) Equity One failed to show that plaintiff's redemption notice under section 140.405 RSMo (Supp.2003)[1] was insufficient; and (2) Equity One delayed asserting its rights to the property until after plaintiff filed the lawsuit to quiet title and, as a result, is not entitled to the aid of equity.[2] Equity One responds that the summary judgment in its favor can be upheld on an alternative ground, that plaintiff's predecessor failed to file a proper affidavit with the county collector.

Summary judgment is designed to permit the trial court to enter judgment, without delay, when the moving party has demonstrated, on the basis of facts about which there is no genuine dispute, a right to judgment as a matter of law. *ITT Commercial Finance v. Mid–Am. Marine,* 854 S.W.2d 371, 376 (Mo. banc 1993); Rule 74.04. Our review is essentially *de novo. ITT,* 854 S.W.2d at 376. We take as true the facts set forth by affidavit or otherwise in support of the moving party's summary judgment motion unless contradicted by the non-movant's response. *Id.* The non-moving party's response must show the existence of some genuine dispute about one of the material facts necessary to the plaintiff's right to recover. *Id.* at 381. A defending party may establish a right to summary judgment by showing "that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense." *Id.* We may affirm a summary judgment under any theory that is supported by the record. *Id.* We must determine whether the moving party has demonstrated an "undisputed right to judgment as a matter of law" on the basis of the facts about which there is no genuine dispute. *Id.* at 380.

## I. Validity of Collector's Deed—Notice

For its first point, plaintiff asserts that the trial court erred in entering summary judgment in Equity One's favor because Equity One failed to satisfy its burden of demonstrating that, as a matter of law, the collector's deed was invalid on the ground asserted in its affirmative defense, which was that plaintiff's predecessor, Sass, failed to give proper notice.

In its motion for summary judgment, Equity One asserted that Sass's notice describing the right to redeem was insufficient under section 140.405 because it failed to comply with the directive in *Valli v. Glasgow Enterprises, Inc.,* 204 S.W.3d

---

1. All further references to section 140.405 will be to RSMo (Supp.2003) unless otherwise indicated.

2. In addition, plaintiff raises a point, denominated as point two, asserting that the trial court erred in entering summary judgment for Equity One because Equity One failed to demonstrate as a matter of law that the collector's deed was invalid due to plaintiff's alleged failure to timely obtain the collector's deed. On appeal, Equity One concedes that this ground would not have been sufficient to

support summary judgment in its favor. Accordingly, we do not address point two.

In each of its points, plaintiff also assigns error to the denial of its motion for summary judgment. This is not a final, appealable order, even when the denial occurs at the same time the trial court grants summary judgment to the other party. *Missouri Highway & Transp. Com'n v. Overall,* 53 S.W.3d 222, 225 (Mo.App.2001). We therefore do not review this order.

273, 276–77 (Mo.App.2006), that the notice of the right to redeem indicate that the right to redeem is ninety days from the date the collector is notified by affidavit that proper notice has been given. Plaintiff's position on appeal is that *Valli* applies only to third offering tax sales, and Equity One failed to show that the tax sale in this case was a third offering tax sale. We agree with plaintiff.

Section 140.405 provides:

Any person purchasing property at a delinquent land tax auction shall not acquire the deed to the real estate, as provided for in section 140.420, until the person meets with the following requirement or until such person makes affidavit that a title search has revealed no publicly recorded deed of trust, mortgage, lease, lien or claim on the real estate. At least ninety days prior to the date when a purchaser is authorized to acquire the deed, the purchaser shall notify any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon that real estate of the latter person's right to redeem such person's publicly recorded security or claim. Notice shall be sent by certified mail to any such person, including one who was the publicly recorded owner of the property sold at the delinquent land tax auction previous to such sale, at such person's last known available address. Failure of the purchaser to comply with this provision shall result in such purchaser's loss of all interest in the real estate. If any real estate is purchased at a third-offering tax auction and has a publicly recorded deed of trust, mortgage, lease, lien or claim upon the real estate, the purchaser of said property at a third-offering tax auction shall notify anyone with a publicly recorded deed of trust, mortgage, lease, lien or claim upon the real estate pursuant to this section. Once the purchaser has noti-

fied the county collector by affidavit that proper notice has been given, anyone with a publicly recorded deed of trust, mortgage, lease, lien or claim upon the property shall have ninety days to redeem said property or be forever barred from redeeming said property. If the county collector chooses to have the title search done then the county collector must comply with all provisions of this section, and may charge the purchaser the cost of the title search before giving the purchaser a deed pursuant to section 140.420.

In *Valli*, we held that section 140.405 provides that notice recipients are entitled to be notified "of their right to 'redeem said property' within ninety days from the date the county collector receives an affidavit from the purchaser that 'proper notice has been given.'" *Valli*, 204 S.W.3d at 276. We reiterated this holding in *Glasgow Enterprises Inc. v. Brooks*, 234 S.W.3d 407, 411 (Mo.App.2007). Both of these cases involved third offering tax sales.

Plaintiff argues that the right to redeem within ninety days from the date the collector receives the affidavit that proper notice has been given, as set out in section 140.405, is a description of the right to redeem in third offering tax sales. Plaintiff contends that this language is not required in notices relating to first and second offering tax sales because they have a different redemption period.

When we interpret statutes, we give effect to legislative intent as reflected in the plain language of the statute. *Gash v. Lafayette County*, 245 S.W.3d 229, 232 (Mo. banc 2008). In doing so, we do not read a particular statutory phrase in isolation. *Id.* Instead, we construe the provisions of a legislative act together and read

a questioned phrase in harmony with the entire act. *Id.*

Chapter 140 of the Revised Statutes of Missouri provides for the annual sale by the county collector, each August, of real property on which property tax payments have been delinquent. Section 140.150.1 RSMo (Supp.2005). The statute provides for successive tax sale offerings. At the first offering, if no one bids a sum equal to the delinquent taxes thereon with interest, penalty, and costs, the county collector conducts a second offering the following August. Section 140.240.1 RSMo (2000). If no one submits an adequate bid at the second offering, a third offering is made the following August. At that offering, the property is sold to the highest bidder. Section 140.250.1 RSMo (2000). There are also provisions for sales subsequent to a third offering. Sections 140.250.3 and .4 RSMo (2000).

*First and Second Offering Tax Sales*

A first or second offering tax sale is followed by a one-year redemption period during which the "owner or occupant of any land or lot sold for taxes, or any other persons having an interest therein, may redeem the same" by paying the county collector the purchase price plus cost of the sale and interest. Section 140.340.1 RSMo (Supp.2003).[3]

▪ The purchaser at a first or second offering tax sale acquires a certificate of purchase. Section 140.290.1 RSMo (2000). Legal title does not vest in the purchaser until the period of redemption has lapsed and the purchaser consummates the sale by exercising the right to have legal title transferred. *State v. Marburger*, 353 Mo. 187, 182 S.W.2d 163, 165 (1944). If no one redeems the property during the one-year statutory redemption period, "at the expi-

ration thereof, and on production of certificate of purchase," the county collector is required to execute to the purchaser a deed to the property, which vests in the grantee an absolute estate in fee simple. Section 140.420 RSMo (Supp.2003).

*Third Offering Tax Sales*

The legislature has treated third offering tax sales differently from first and second offering tax sales. In addition, the legislature has changed the provisions governing third offering tax sales over the years. In 1939, section 11130 RSMo (1939), the precursor to section 140.250, provided that there was no redemption period for property sold at a third offering tax sale. The purchaser at a third offering sale did not get a certificate of purchase but was entitled to "immediate issuance and delivery of a collector's deed." Section 11130 RSMo (1939).

In 1984, after the decision in *Lohr v. Cobur Corp.*, 654 S.W.2d 883, 886 (Mo. banc 1983), on due process requirements for notice, the legislature enacted a new section for Chapter 140, section 140.405. This section required the purchaser of the property to conduct a title examination and, if the search revealed lienholders, to mail notice to the lienholders of their right to redeem the property. It provided:

**140.405. Purchaser of property at delinquent land tax auction, deed issued to, when—loss of interest, when.**—Any person purchasing property at a delinquent land tax auction shall not acquire the deed to the real estate, as provided for in section 140.420, until he meets with the following requirement or until he makes affidavit that a title search has revealed no publicly recorded deed of trust, mortgage, lease, lien or claim on

---

**3.** The one year period was substituted for the original two year period in 2003. Sections

140.340.1 RSMo (Supp.2003), 140.420 RSMo (Supp.2003).

said real estate. At least ninety days prior to the date when he is authorized to acquire the deed, the purchaser shall notify any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon that real estate of the latter person's right to redeem his security or claim. Notice shall be sent by certified mail to any person at his last known available address. Failure of the purchaser to comply with this provision shall result in his loss of all interest in said real estate.

Section 140.405 RSMo (1986) (repealed).

In 1986, the legislature amended section 140.250 to condition the issuance of the collector's deed on the title search:

> 2. No certificate of purchase shall issue as to such sales, but the purchaser at such sales shall be entitled to the *issuance and delivery of a collector's deed upon completion of title search action specified in section 140.405.*

Section 140.250.2 RSMo (1986) (emphasis added to show amendment). In 1987, the legislature amended section 140.405 to exempt purchasers at third offerings from its requirements, as follows:

> **140.405. Purchaser of property at delinquent land tax auction, deed issued to, when—loss of interest, when.**—Any person purchasing property at a delinquent land tax auction, *other than persons purchasing property at a third offering for which there is no period of redemption pursuant to section 140.250,* shall not acquire the deed to the real estate, as provided for in section 140.420, until he meets with the follow-

ing requirements or until he makes an affidavit that a title search has revealed no *publicly recorded* deed of trust, mortgage, lease, lien or claim on the real estate. At least ninety days prior to the date when he is authorized to acquire the deed, the purchaser shall notify any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon that real estate of the latter person's right to redeem his *publicly recorded* security or claim. Notice shall be sent by certified mail to any such person at his last known available address. Failure of the purchaser to comply with this provision shall result in his loss of all interest in the real estate.

Section 140.405 RSMo (Supp.1987) [4] (emphasis added to show amendment).

In 1997, the Missouri Supreme Court addressed these amendments to sections 140.250 and 140.405, and it held that the amendments made clear that the title search and redemption procedures of section 140.405 no longer applied to third offering tax sales. *M & P Enterprises v. Transamerica Finan.,* 944 S.W.2d 154, 159 (Mo. banc 1997). *See also Russo v. Kelm,* 835 S.W.2d 568, 570 n. 1 (Mo.App.1992). The court construed the amendments to sections 140.250 and 140.405 as follows:

> Here, however, sections 140.250 and 140.405 expressly state that there is no period of redemption from a third tax sale. Section 140.250, which governs third tax sales, provides that "there shall be no period of redemption from such sales." In its current version, section 140.405 expressly exempts from its application "persons purchasing property

---

4. Although it is not germane to issues in this appeal, we note that in 1996 the language requiring that "[n]otice shall be sent by certified mail to any such person at his last known available address" was changed to: "[n]otice shall be sent by certified mail to any such person, including one who was the publicly recorded owner of the property sold at the delinquent land tax auction previous to such sale, at such person's last known available address." Section 140.405 RSMo (Supp. 1996); *Hutchison v. Cannon,* 29 S.W.3d 844, 846 n. 2 (Mo.App.2000).

at a third offering for which there is no period of redemption[.]" ... Given the plain meaning of the language used, the statutes cannot reasonably be interpreted so as to provide lien holders with a right to post-sale notification and ninety-day right of redemption following a third tax sale.

*M & P*, 944 S.W.2d at 159. In 1998, after the *M & P* decision, the legislature again amended sections 140.250 and 140.405 to create a ninety-day redemption period for third offering tax sales, which previously had no redemption period. It added a final clause to section 140.250.1, which we have set off in italics, to provide as follows:

1. When any lands have been or shall hereafter be offered for sale for delinquent taxes, interest, penalty and costs by the collector of the proper county for any two successive years and no person shall have bid therefor a sum equal to the delinquent taxes thereon, interest, penalty and costs provided by law, then such county collector shall at the next regular tax sale of lands for delinquent taxes sell same to the highest bidder, *and there shall be a ninety-day period of redemption from such sales as specified in section 140.405.*[5]

Section 140.250.1 RSMo (Supp.1998). It also added the following two sentences to section 140.405:

If any real estate is purchased at a third-offering tax auction and has a publicly recorded deed of trust, mortgage, lease, lien or claim upon the real estate, the purchaser of said property at a third-offering tax auction shall notify anyone with a publicly recorded deed of trust, mortgage, lease, lien or claim upon the real estate pursuant to this

section. Once the purchaser has notified the county collector by affidavit that proper notice has been given, anyone with a publicly recorded deed of trust, mortgage, lease, lien or claim upon the property shall have ninety days to redeem said property or be forever barred from redeeming said property.

Section 140.405 RSMo (Supp.1998).

*Notice of Right to Redeem*

The notice of the right to redeem is required by section 140.405. It requires:

At least ninety days prior to the date when a purchaser is authorized to acquire the deed, the purchaser shall notify any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon that real estate of the latter person's right to redeem such person's publicly recorded security or claim.

The question before us is what constitutes the "right to redeem" that must be contained in that notice. In third offering tax sales, there is a ninety-day redemption period that begins on the date that the affidavit is filed with the collector. Sections 140.250.1 RSMo (2000) and 140.405. Section 140.250.1 RSMo (2000) is addressed solely to third offering sales. It specifies, "There shall be a ninety-day period of redemption for such sales as specified in section 140.405." This language refers to the following sentence in section 140.405:

Once the purchaser has notified the county collector by affidavit that proper notice has been given, anyone with a publicly recorded deed of trust, mortgage, lease, lien or claim upon the property shall have ninety days to redeem

---

**5.** In 2003, the legislature added the final sentence to section 140.405:

If the county collector chooses to have the title search done then the county collector

must comply with all provisions of this section, and may charge the purchaser the cost of the title search before giving the purchaser a deed pursuant to section 140.420.

said property or be forever barred from redeeming said property.

■ When *Valli* and *Brooks* held that the notice of the right to redeem must state that the recipient had ninety days from the date of the notice to the collector by affidavit to redeem, they were indicating what a notice in a third offering tax sale had to contain in order to comply with the requirement that the notice inform of the right to redeem. However, first and second offering tax sales have a one-year redemption period that begins on the date of the tax sale. Section 140.340.1 RSMo (Supp.2003). Therefore, for a notice in a first or second offering tax sale to accurately inform the recipient of the right to redeem, the notice must indicate that the recipient has one year from the date of the tax sale to redeem.

■ In this case, the summary judgment record does not establish whether this was a first, second, or third offering tax sale,[6] and it does not address the sufficiency of the notice in a first or second offering tax sale.[7] Because the classification of the offering sale governs what type of redemption period must be contained in the notice, the classification of the offering sale as a first, second, or third offering tax sale is a material fact that was required to be established before judgment could be entered on the legal question of the sufficiency of the notice.

The trial court erred in entering summary judgment in Equity One's favor. Point one is granted.

## II. *Delay*

For its third point, plaintiff asserts that the trial court erred in entering summary judgment in Equity One's favor because Equity One had notice of the tax sale and related proceedings, but waited until after a collector's deed was issued and plaintiff brought suit to quiet title to assert its rights. It argues that this inaction unfairly prejudiced plaintiff and should not entitle Equity One to the aid of equity.

■ The trial court did not specify the ground upon which Equity One's motion was granted. We presume that the trial court granted summary judgment on one of the two grounds contained in the motion. *Central Missouri Elec. Co-op. v. Balke,* 119 S.W.3d 627, 635 (Mo.App.2003). Accordingly, plaintiff was required to challenge both grounds on appeal in order to demonstrate reversible error,[8] which plaintiff has done. We have found summary judgment improper on one ground, and Equity One has conceded that the other ground does not support summary judgment.

■ In this point, plaintiff argues that summary judgment was erroneous for a third reason. Since summary judgment cannot be supported under either theory presented to the trial court, we do not need to consider if it is erroneous for another reason. Point three is denied as moot.

---

**6.** We observe that the record strongly suggests that it was not a third offering sale because the record indicates a certificate of purchase was issued, which would not be the case in a third offering sale. *See* section 140.250.2 RSMo (2000).

**7.** Plaintiff argues that the notice, in spite of its wording, actually gave notice of a date of redemption corresponding to one year from the date of the tax sale because the notice was received 90 days before that date. These facts were not completely developed in the summary judgment record, and therefore this issue is not reviewable in this appeal.

**8.** *See Balke,* 119 S.W.3d at 635; *Conway v. St. Louis County,* 254 S.W.3d 159, 164 (Mo.App. 2008).

### III. *Sufficiency of Affidavit*

In its respondent's brief, Equity One argues that the summary judgment can be upheld on a different ground, that plaintiff failed to file a proper affidavit as required by section 140.405. On appeal, we will not set aside an order of summary judgment if it is supportable on any theory, provided that undisputed facts supporting that theory are properly before the court. *City of Washington v. Warren County*, 899 S.W.2d 863, 868 (Mo. banc 1995). We have considered whether this alternative ground supports summary judgment and conclude that it does not.

Section 140.405 provides in part: "Once the purchaser has notified the county collector by affidavit that proper notice has been given, . . . ." Equity One argues that this language requires an affidavit to be filed with the collector and that plaintiff failed to satisfy this requirement because the affidavit that plaintiff submitted to the county collector represented that the notice had been mailed three days earlier than it was in fact mailed, rendering the collector's deed void. This argument does not support summary judgment in this case because, as we have held, this provision only applies to third offering tax sales. The summary judgment record in this case has not established that this was a third offering tax sale.

### Conclusion

The summary judgment in Equity One's favor is reversed and remanded.

NANNETTE A. BAKER, C.J. and MARY K. HOFF, J., concur.

### ON MOTION FOR REHEARING

In its motion for rehearing, respondent argues that we erred in distinguishing *Val-* *li v. Glasgow Enterprises, Inc.*, 204 S.W.3d 273 (Mo.App.2006), and *Glasgow Enterprises, Inc. v. Brooks*, 234 S.W.3d 407 (Mo. App.2007), on the basis that the notices in those cases involved third offering tax sales. In both *Valli* and *Brooks*, the redemption notices contained the following language: "This offering was the third offering of such property by the Collector of Revenue." *Valli*, 204 S.W.3d at 275; *Brooks*, 234 S.W.3d at 408. Respondent has attached a copy of a St. Louis County tax sale publication, not from the record in this case, that purports to show that even though the notices in those cases described the sales as third offering sales, the sales in fact were not third offering sales. Even if we were able to consider such documentation on a motion for rehearing in this appeal, these documents would not entitle respondent to a rehearing. Whether or not the redemption notices in *Valli* and *Brooks* were accurate in describing the sales in those cases as third offering sales, the notice requirement set out by this court in the opinions in those cases is the requirement for redemption notices in third offering sales.[9] The opinion in this case sets out the law governing redemption notices in third offering sales and distinguishes that law from the law governing redemption notices in first and second offering sales. Respondent's motion for rehearing and application for transfer is denied.

NANNETTE A. BAKER, C.J. and MARY K. HOFF, J., concur.

---

9. The redemption notices in *Valli* and *Brooks* were defective in numerous respects and, although the opinions did not reach the issue, the notices also did not comply with the law applicable to redemption notices in first or second offering sales.