**DRAKE DEVELOPMENT & CONSTRUCTION, LLC, Respondent,**

v.

**JACOB HOLDINGS, INC., Appellant.**

No. SD 29582.

Missouri Court of Appeals, Southern District, Division Two.

March 12, 2010.

---

Gregory D. Williams, Sunrise Beach, MO, for Appellant.

Michael L. McDorman, Dustin G. Dunklee, Versailles, MO, for Respondent.

J. MILES SWEENEY, Special Judge.

This case involves a multitude of claims regarding whether Jacob Holdings, Inc. (Appellant) was properly given notice that a piece of its property (the property) was going to be sold at a tax sale and notice of its right to redeem the property after it was sold at the tax sale to the Jacob S. & Pamela Drake Revocable Trust (the Trust). The trial court found that Appellant was given notice of its right to redeem the property; that the notice complied with all the requirements of § 140.405; that Appellant did not redeem the property within the period set out in § 140.405; and that as a result, the fee simple absolute owner of the property was the Trust's

successor, Drake Development & Construction, L.L.C (Respondent). Under recent case law, however, the redemption notice did not comply with § 140.405 because it failed to inform Appellant of the time in which it had to exercise its right to redeem the property. Because we reverse the judgment on that basis, we do not reach Appellant's other claims and provide only the facts relevant to the issue of the sufficiency of the redemption notice.

*Factual Background*

Appellant acquired the property by a warranty deed executed July 21, 2000. Appellant recorded its warranty deed to the property in the Camden County Recorder's Office on June 13, 2001, and provided a mailing address in Venice, Florida. On August 25, 2003, a tax sale on the property for the taxes owed for 2000, 2001, and 2002 was held. Jacob Drake purchased the property on behalf of the Trust, and the Trust was issued a tax sale certificate. On January 5, 2006, an employee of Mr. Drake sent a redemption letter to Appellant at the Venice, Florida, address via certified return receipt mail, which stated in relevant part:

> RE: Part of Lot 13, Storm Cove Dev. Sub. No. 1,
>
> Camden County, Missouri
>
> To Whom It May Concern:
>
> This letter is to notify you that the above referenced property was purchased by Jacob and Pamela Drake Revocable Trust at a tax sale dated August 25, 2003 at the Camden County Courthouse.
>
> If you wish to redeem this property, you must notify the office of Linda Sweat, the Camden County Collector, Camden County, Missouri.

If we do not hear that the property has been redeemed, we will ask the Collector to deed the property over to us.

### Standard of Review

██ As this was a court-tried case, we will affirm the judgment unless no substantial evidence supports it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

### Analysis

██ Appellant asserts five points on appeal. We, however, will only address Point IV as it is dispositive of the appeal under current case law. Point IV states:

> The Trial Court erred in finding that the contents of the Redemption Notice mailed by Respondent met all the requirements of Section 140.405 in that said notice did not apprise the Appellant as to when its redemption rights would be cut off because Respondent did not timely mail the redemption notice and did not include a date or number of days after which it would request that a Collector's Deed for Appellant's property would be issued.

The redemption notice here failed to inform Appellant of the time in which it had to exercise its redemption rights. Section 140.405 provides in pertinent part:

> Any person purchasing property at a delinquent land tax auction shall not acquire the deed to the real estate, as provided for in section 140.420, until the person meets with the following requirement or until such person makes affidavit that a title search has revealed no publicly recorded deed of trust, mortgage, lease, lien or claim on the real estate. *At least ninety days prior to the date when a purchaser is authorized to acquire the deed, the purchaser shall notify any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon that real estate of the latter person's right to redeem such person's publicly recorded security or claim.* Notice shall be sent by certified mail to any such person, including one who was the publicly recorded owner of the property sold at the delinquent land tax auction previous to such sale, at such person's last known available address. *Failure of the purchaser to comply with this provision shall result in such purchaser's loss of all interest in the real estate.* If any real estate is purchased at a third-offering tax auction and has a publicly recorded deed of trust, mortgage, lease, lien or claim upon the real estate, the purchaser of said property at a third-offering tax auction shall notify anyone with a publicly recorded deed of trust, mortgage, lease, lien or claim upon the real estate pursuant to this section. Once the purchaser has notified the county collector by affidavit that proper notice has been given, anyone with a publicly recorded deed of trust, mortgage, lease, lien or claim upon the property shall have ninety days to redeem said property or be forever barred from redeeming said property. (Emphasis added.)

Section 140.405 thus imposes several notice requirements upon purchasers before they may apply for a Collector's Deed. It identifies the persons who must be notified and provides that the notice must be made by certified mail to the last known available address of each of those persons. This section also provides that the notice must be sent "[a]t least ninety days prior to the date when a purchaser is authorized to acquire the deed" and shall notify such persons of their "right to redeem" the property or be forever barred from doing so.

A recent line of Eastern District decisions has set out what "constitutes the 'right to redeem' that must be contained in that notice." *Keylien Corp. v. Johnson,* 284 S.W.3d 606, 612 (Mo.App.2009). *See also, CedarBridge, LLC v. Eason,* 293 S.W.3d 462, 465 (Mo.App.2009); *Glasgow Enterprises, Inc. v. Brooks,* 234 S.W.3d 407, 411 (Mo.App.2007); *Valli v. Glasgow Enterprises, Inc.,* 204 S.W.3d 273, 277 (Mo. App.2006). Those decisions hold that the "right to redeem" includes information regarding when the right to redeem expires. Thus, a redemption notice must inform persons of the time frame in which they must act to redeem their property or be forever barred from doing so. *Cedar-Bridge,* 293 S.W.3d at 465 (citing *Keylien,* 284 S.W.3d at 612–13); *Glasgow Enterprises,* 234 S.W.3d at 411 (citing *Valli,* 204 S.W.3d at 277).[1]

Respondent has cited no decision, and concedes there are no decisions, contrary to the Eastern District's line of cases requiring a redemption notice to include the time frame during which persons must act to redeem their property. Respondent cites to *Boston v. Williamson,* 807 S.W.2d 216 (Mo.App.1991) to support its argument that its notice was timely, but that case does not discuss the dispositive issue in this case, *i.e.,* whether a redemption notice must inform the recipient of the time in which it must act to redeem its property.[2]

The notice in this case did not inform Appellant how long it had to exercise its right to redeem or be forever barred from doing so. It provided neither a specific redemption period expiration date nor a number of days indicating the length of time Appellant had to redeem its property. Under the cited cases, therefore, it fails to comply with § 140.405's requirement that the property owner be notified of its right to redeem.

Section 140.405 states that a purchaser's failure to comply with its notice provision "shall result in such purchaser's loss of all interest in the real estate." " '[W]hen a statute mandates that something be done by providing that it *shall* occur, and it also provides what results shall follow a failure to comply with its terms, it is mandatory and must be obeyed.' " *Valli,* 204 S.W.3d at 276–77 (quoting *Hutchison v. Cannon,* 29 S.W.3d 844, 847 (Mo.App.2000)). Because Respondent failed to comply with the mandatory notice provision of § 140.405 by not including a redemption period time frame or expiration date in its notice to Appellant, we must find that Respondent lost all interest in the property. Point IV is granted and the trial court's judgment is reversed. We remand to the trial court for further proceedings not inconsistent with this opinion.

SCOTT, C.J., and RAHMEYER, J., concur.

---

1. Respondent correctly notes that *Glasgow Enterprises* and *Valli* described what must be included in the redemption notice for third offering tax sales. *Keylien,* 284 S.W.3d at 612–13. Respondent, however, incorrectly argues that those cases are inapplicable to the present case involving a first offering tax sale. Regardless of whether each of these Eastern District cases dealt with a first or third offering sale, the common principle espoused by each was that the notice must contain notice of the time in which the recipient must act to redeem its property.

2. Respondent notes an Eastern District/Western District disagreement about *when* the redemption notice must be sent. *Compare CedarBridge,* 293 S.W.3d at 465 and *Keylien,* 284 S.W.3d at 612–13, *with Boston,* 807 S.W.2d at 218. Since Point IV involves the content of Respondent's notice, not its timing, we need not address this apparent district split.