**HARPAGON MO, LLC, Appellant,**

v.

**CLAY COUNTY COLLECTOR, Respondent,**

**Citifinancial Services, Inc., Respondent.**

**No. WD 72006.**

Missouri Court of Appeals, Western District.

March 15, 2011.

Eugene J. Feldhausen, Kansas City, MO, for Appellant.

Patricia L. Hughes, Liberty, MO, for Respondent Clay County Collector.

Before Division One: THOMAS H. NEWTON, Presiding Judge, JAMES M. SMART, JR., Judge and JOSEPH M. ELLIS, Judge.

JOSEPH M. ELLIS, Judge.

Harpagon Mo LLC appeals from a judgment entered in the Circuit Court of Clay County granting summary judgment in favor of Citifinancial Services, Inc. in an action filed by Harpagon to quiet title in a piece of real property purchased by Sunrise Atlantic, LLC at a tax sale and later assigned to Harpagon.

After the owner of a piece of property located at 5121 North Elmwood Avenue in Kansas City, Missouri, failed to pay the property taxes on that property for several years, the Clay County Collector listed the property for sale in the county's annual tax sale. On August 28, 2006, Sunrise Atlantic purchased that property and was issued a Certificate of Purchase. The property owner was notified that he had one year from the date of sale to redeem the property pursuant to § 140.420.[1]

A title search by Sunrise Atlantic revealed a deed of trust in favor of Citifinancial. On July 16, 2007, Sunrise Atlantic sent notice of the tax sale to Citifinancial, informing Citifinancial of its right to redeem the property under § 140.405 and that such right would expire on October 16, 2007. That notice was sent by certified mail to the address listed for Citifinancial on the front page of the deed of trust; to the address of its principal place of business and corporate headquarters in Baltimore, Maryland; and to Citifinancial's registered agent in Missouri. Sunrise Atlantic received return receipts from the notices sent to Citifinancial's corporate headquarters and to Citifinancial's registered agent.

After the property was not redeemed within the time allowed by the statutes, the Collector issued a Collector's Deed for Taxes to Sunrise Atlantic on October 25, 2007. Sunrise Atlantic recorded that deed on October 31, 2007. Sunrise Atlantic subsequently assigned its interest in the property to Harpagon.

On March 21, 2008, Harpagon filed a petition to quiet title to the property in the circuit court, naming the former property owner and Citifinancial as defendants. On August 6, 2008, default judgment was entered against the former property owner. Both Harpagon and Citifinancial filed motions for summary judgment. The circuit court eventually granted Citifinancial's motion and denied Harpagon's motion, entering judgment in favor of Citifinancial. Harpagon brings six points on appeal from that judgment.[2]

---

1. All statutory references are to RSMo Cum. Supp.2009 unless otherwise noted.

2. Citifinancial has elected not to file a responsive brief in this appeal. "There is no penalty for a respondent failing to file a brief. That omission, however, requires this court to ad-

judicate the appellant's claims of error without benefit of whatever argument respondent might have made in response." *J.B. Vending Co. v. Hailey,* 77 S.W.3d 48, 50 n. 2 (Mo.App. S.D.2002) (internal citation omitted). While the Clay County Collector has filed a respon-

■ Where, as here, the circuit court does not specify its rationale for granting a motion for summary judgment, "the trial court is presumed to base its decision on the grounds specified in the motion." *Grisamore v. State Farm Mut. Auto. Ins. Co.*, 306 S.W.3d 570, 573 (Mo.App. W.D.2010) (internal quotation omitted). In its motion for summary judgment, Citifinancial asserted that Harpagon had failed to comply with the notice requirements of § 140.405 and had, therefore, lost all interest in the property. In this regard, Citifinancial argued that Harpagon sent the notice of the tax sale to the wrong address, that the notice misstated the period of redemption, and that Harpagon had failed to file an affidavit with the Collector stating that the required notice had been sent out to Citifinancial. The trial court, having failed to state a reason for granting summary judgment, is presumed to have done so for one or more of these reasons. *Id.*

■ Because the trial court makes its decision to grant summary judgment based upon the record submitted and the law, this court need not defer to the trial court's determination and reviews the grant of summary judgment *de novo. Crow v. Kansas City Power & Light Co.*, 174 S.W.3d 523, 533 (Mo.App. W.D.2005). In so doing, we apply the same criteria as the trial court in determining whether summary judgment was properly entered. *Bauer v. Farmers Ins. Co.*, 270 S.W.3d 491, 494 (Mo.App. W.D.2008). Summary judgment is only proper if the moving party establishes that there is no genuine issue as to the material facts and that the movant is entitled to judgment as a matter of law. *Id.* Where a defending party has filed the motion, it may establish a right to summary judgment by demonstrating: (1) facts negating any one of the elements of the plaintiff's case; (2) that the plaintiff,

after an adequate period for discovery, has not been able and will not be able to produce sufficient evidence to allow the trier of facts to find the existence of any one of the elements of the plaintiff's case; or (3) that there is no genuine dispute as to the existence of the facts necessary to support a properly pleaded affirmative defense. *Division Cavalry Brigade v. St. Louis Cnty.*, 269 S.W.3d 512, 516 (Mo.App. E.D.2008). In determining whether the defendant has met this burden:

> [t]he record below is reviewed in the light most favorable to the party against whom summary judgment was entered, and that party is entitled to the benefit of all reasonable inferences from the record. However, facts contained in affidavits or otherwise in support of the party's motion are accepted as true unless contradicted by the non-moving party's response to the summary judgment motion.

*Hammack v. Coffelt Land Title, Inc.*, 284 S.W.3d 175, 177–78 (Mo.App. W.D.2009) (internal quotations and citations omitted).

In its first point, Harpagon contends that the trial court erred in granting summary judgment because Citifinancial's reasons for challenging the validity of the collector's deed were not based upon any of the grounds provided for in § 140.610. That statute provides:

> In all suits and controversies involving the title of land claimed and held by virtue of the deed executed by the county collector for nonpayment of taxes thereon, under this tax law, the person claiming by adverse title to such deed shall be required to prove, in order to defeat the title conveyed by such deed, either that the land described therein was not subject to taxation at the date of assessment of the tax for which it was

dent's brief, the County Collector agrees with the points raised by Appellant.

sold, or that the taxes for nonpayment of which the land was sold were paid to the proper officer within the time limited by law therefore, or that the same had not been assessed for the taxes for the nonpayment of which it was sold, or that the same had been redeemed pursuant to law, or that a certificate in proper form had been given by the proper officer, within the time limited by law for paying taxes or for redeeming from sales made for the nonpayment thereof, stating no taxes were due at the time such sale was made, or that at the date of the deed the redemption period had not expired.

§ 140.610. Harpagon argues that § 140.610 sets forth the exclusive grounds on which a collector's deed may be challenged and that the challenges to the deed contained in Citifinancial's motion for summary judgment did not raise any of the six grounds allowed by the statute.

▆ Section 140.405 provides, however, that "[a] delinquent tax sale purchaser's failure to comply with any of the . . . notice requirements *will result in its losing all interest in the real estate as a matter of law.*" *Crossland v. Thompson*, 317 S.W.3d 635, 642 (Mo.App. S.D.2010) (emphasis added). "If proper notice is not given, then the collector's deed is void." *Id.* (citing *Schlereth v. Hardy*, 280 S.W.3d 47, 53 (Mo. banc 2009)).

▆ Moreover, Citifinancial's claim of insufficient notice was, of its nature, a due process claim. "[D]ue process requires that known parties whose rights would be affected by a tax sale be afforded notice reasonably calculated under all of the circumstances to apprise them of the pendency of the action." *Schwartz v. Dey*, 665 S.W.2d 933, 935 (Mo. banc 1984).

Harpagon has not cited, nor has our research uncovered, any case in which § 140.460 has barred a party from asserting that the notice requirements of

§ 140.405 were not satisfied or that the notice provided was otherwise insufficient to satisfy due process. On the other hand, the courts of this State have consistently addressed the merits of a challenge to the sufficiency of notice, thereby implicitly recognizing the viability of such claims. *See, e.g., Schlereth*, 280 S.W.3d at 50–51; *Keylien Corp. v. Johnson*, 284 S.W.3d 606, 609 (Mo.App. E.D.2009); *Valli v. Glasgow Enters. Inc.*, 204 S.W.3d 273, 273–75 (Mo.App. E.D.2006); *Glasgow Enters. Inc. v. Brooks*, 234 S.W.3d 407, 410–11 (Mo.App. E.D.2007); *CedarBridge, LLC v. Eason*, 293 S.W.3d 462, 466–68 (Mo.App. E.D. 2009); *Hames v. Bellistri*, 300 S.W.3d 235, 239–40 (Mo.App. E.D.2009); *Drake Dev. & Constr., LLC v. Jacob Holdings, Inc.*, 306 S.W.3d 171, 174 (Mo.App. S.D.2010); *Boston v. Williamson*, 807 S.W.2d 216, 218 (Mo.App. W.D.1991). To conclude otherwise would deny individuals with an interest in the property any opportunity to assert that the provisions of § 140.405 had not been satisfied or that they had been denied due process of law. Point denied.

▆ In its second point, Harpagon contends that the trial court could not have properly based its decision to grant summary judgment upon Sunrise Atlantic's failure to supply an affidavit to the Collector confirming that notice of the right to redeem had been provided to Citifinancial. In this regard, Harpagon is clearly correct.

The tax sale involved herein was a first offering, and the affidavit requirement in § 140.405.4 is only applicable to third offering tax sales. *United Asset Mgmt. Trust Co. v. Clark*, No. WD71589, 2010 Mo.App. LEXIS 1603, at *27 (Mo.App. W.D. Feb. 1, 2011); *Keylien Corp.*, 284 S.W.3d at 614. Accordingly, the trial court could not have properly granted summary judgment on this basis.

In its third point, Harpagon argues that the trial court could not have properly granted summary judgment based upon Citifinancial's claims that the § 140.405 notice was not sent to the correct address. On that basis, Citifinancial asserted that notice was deficient.

Section 140.405 required notice to be sent by certified mail to Citifinancial's "last known available address." Failure to comply with this provision of § 140.405 would have resulted in Sunrise Atlantic's loss of all interest in the real estate. *§ 140.405.* Consequently, Sunrise Atlantic would have had no interest in the property that it could have conveyed to Harpagon.

As noted *supra,* Sunrise Atlantic sent notice to Citifinancial by certified mail to the address listed for Citifinancial on the front page of the deed of trust; to the address of its principal place of business and corporate headquarters in Baltimore, Maryland; and to Citifinancial's registered agent in Missouri. Return receipts were received from the notices sent to the Citifinancial's corporate headquarters and to Citifinancial's registered agent.

In its motion for summary judgment, Citifinancial contended none of those addresses was Citifinancial's "last known available address" and that Sunrise Atlantic was required to send the notice to: "Citifinancial, 6053 NE Antioch, Gladstone, Mo 64119," an address that was stamped, upside-down on an otherwise plain piece of paper attached to the end of the Deed of Trust. Harpagon denied that assertion of fact and claimed that a reasonable search of the Deed of Trust would not have revealed that to be the proper address.

■ "In order to satisfy the statutory requirement that notice be given to the owner at the 'last known available address,' . . . the purchaser must use due diligence to notify the owner at the last known 'available' address." *Crossland,*

317 S.W.3d at 642 (internal quotation omitted). "What that means is that the word 'available' in section 140.405 encompasses the concept that reasonable efforts should be used to notify the owner that someone else is claiming an interest in the property." *Id.* (internal quotation omitted). Due diligence in this regard is a factual question that must be assessed on a case by case basis. *Id.*

Had Sunrise Atlantic only sent notice to the address stated on the front page of the Deed of Trust, which did not contain a street name or number, the factual issue of whether Harpagon exercised due diligence in attempting to provide Citifinancial with notice would have been a controverted fact for the trial court to determine. The existence of a controverted fact alone would have precluded the entry of summary judgment in favor of either party.

■ In this case, however, the undisputed facts reflect that Sunrise Atlantic sent notice to two other known, available addresses for Citifinancial and received signed, certified mail receipts establishing that Citifinancial had indeed received the notice. These uncontroverted facts establish that Sunrise Atlantic utilized reasonable efforts to notify Citifinancial of the tax sale and its right to redeem and that Sunrise Atlantic was, in fact, successful in those efforts. The trial court could not have properly granted summary judgment in favor of Citifinancial on its claim that the proper address was not utilized and could only have found in favor of Harpagon in that regard.

■ In its fourth point, Harpagon claims that the trial court could not have properly granted summary judgment based upon the notice failing to state that the recipient has one year from the date of the tax sale to redeem the property. Harpagon argues that Sunrise Atlantic properly informed Citifinancial that it had ninety

days from the date the notice was sent, July 16, 2007, in which to redeem the property. Harpagon contends that it was not required to also inform Citifinancial of the one-year period applicable to the property owner which would expire on August 28, 2007.

As recently noted by this Court in *United Asset Management Trust Co. v. Clark*, No. WD71589, 2010 Mo.App. LEXIS 1603, at *43 (Mo.App.W.D. Feb. 1, 2011), "there is no due process requirement to inform those receiving notice of the specific time limits applicable for redemption, the specific procedures that must be followed, or any other details, nor is there any such requirement in § 140.405." In this instance, Harpagon correctly informed Citifinancial of the date up to which it had a right to redeem the property. Informing Citifinancial of the date on which the one-year redemption period for the property owner would end was not required, nor would it have provided Citifinancial with any useful information. Citifinancial had until at least October 16, 2007, to redeem the property, as reflected in the notice provided. The trial court could not have properly granted summary judgment on this basis.

Since the trial court could not have properly granted summary judgment for any of the reasons set forth in Citifinancial's motion, the judgment must be reversed and the cause remanded for further proceedings consistent with this opinion. Having reached this conclusion, we need not address Harpagon's remaining point asserting that Citifinancial had "unclean hands" and was not entitled to equitable relief.

All concur.