**William S. BOSTON and Mona K. Boston, Appellants,**

v.

**Kenneth WILLIAMSON, Judith Williamson, Mark Sharp, Viki Sharp, Unknown Heirs, Grantees, Consorts and Successors, Respondents.**

No. WD 43540.

Missouri Court of Appeals, Western District.

April 23, 1991.

Gabriel A. Domjan, Lee's Summit, for appellants.

Joseph A. Hamilton, Pleasant Hill, for respondents.

Before TURNAGE, P.J., and LOWENSTEIN and BRECKENRIDGE, JJ.

TURNAGE, Judge.

William S. Boston and Mona K. Boston, his wife, filed suit to quiet the title of a lot in Cass County purchased at a delinquent tax sale. The court held that the Bostons failed to give the notice required by law prior to obtaining a collector's deed and entered judgment against them. The question on appeal is the proper time to give the notice required by § 140.405, RSMo 1986.[1,2] Reversed and remanded.

The Bostons purchased the lot at a delinquent tax sale on August 25, 1986. The owner at the time of the sale was Williamson. Mark Sharp and Viki Sharp were the owners of a note secured by a deed of trust on the lot.

On July 6, 1988, Boston sent a notice by certified mail to the Williamsons and to the Sharps, that Boston was applying to the collector for a collector's deed. On October 13, 1988, the collector delivered a deed to Boston.

There is no dispute as to the facts. The court held that § 140.405 requires that notice must be given at least ninety days prior to the expiration of two years from the date of the delinquent tax sale. The court held that because notice was not given by Boston ninety days prior to the expiration of two years from the sale that Boston had lost all interest in the lot under § 140.405.

Section 140.405 so far as applicable to this case provides "[a]t least ninety days prior to the date when he is authorized to acquire the deed, the purchaser shall notify any person," of that person's right to redeem the property. Such section further provides that failure to notify any person interested in the real estate shall result in the loss of all interest on the part of the purchaser. Section 140.340.1 allows the owner of any lot sold for taxes to redeem the same at any time during the two years next ensuing after the sale.[3] Section 140.420.1 provides that if land sold for taxes is not redeemed within two years from the sale the purchaser may produce the certifi-

---

1. All sectional references are to RSMo 1986, unless otherwise indicated.

2. This section was amended by Laws of Mo. 1987, p. 543, but that amendment does not affect the issues on this appeal.

3. This case does not involve the question of the time within which land sold for delinquent taxes may be redeemed. On that issue see *Hobson v. Elmer*, 349 Mo. 1131, 163 S.W.2d 1020, 1023[2] (Mo. banc 1942).

cate of purchase to the collector who shall execute to the purchaser a conveyance of the real estate sold. Section 140.340.4 provides that if the purchaser fails to take a tax deed within six months of the expiration of two years following the sale, no interest on the purchase price shall be charged or collected from anyone redeeming the land after that time. Section 140.-410 provides that the purchaser must cause a deed to be executed and placed on record within four years from the date of sale and on his failure to do so the amount due the purchaser shall cease to be a lien on the land purchased.

The court took the view that the ninety day notice in § 140.405 refers to a specific date which is ninety days prior to the expiration of two years after the tax sale. The court reasoned that because there is a two year period of redemption that the ninety day notice required of purchasers is keyed to that two year period.

The notice in § 140.405 requires ninety days notice prior "to the date when he is authorized to acquire the deed." The problem becomes one of defining the date on which the purchaser is authorized to acquire the deed. Section 140.420 allows the purchaser to acquire the deed after the expiration of two years from the date of sale. But that section does not require the purchaser to acquire the deed on the day exactly two years after the sale. In fact, the date on which the purchaser acquires the deed is left to him because § 140.420.1 requires him to produce the certificate of purchase to the collector before a deed may be delivered to him. By § 140.340.4 the purchaser loses the right to collect interest on any amount due him from a person redeeming property if the purchaser fails to take the deed within six months after the expiration of two years from the sale. And by § 140.410 the purchaser is given four years from the date of sale within which to acquire the deed before any sums due him shall cease to be a lien on the land.

From these sections it is apparent that there is no fixed date on which the purchaser at a delinquent tax sale is authorized to receive a deed. He may not receive a deed prior to the expiration of two years after the sale, but he may delay another two years in which to acquire the deed and get it recorded.

The phrase "authorized to acquire the deed" refers to the date between two and four years from the sale on which the purchaser delivers his certificate of purchase to the collector. It is the date chosen by the purchaser on which he elects to acquire the deed which triggers the ninety day notice. When he chooses the date the purchaser is obligated to give notice at least ninety days in advance of the date chosen to acquire the deed.

It follows that the court erred in holding that Boston was required to give a notice at least ninety days prior to the expiration of two years from the date of sale. Boston elected to receive the deed in October, 1988, which was within the time allowed for him to acquire the deed and he gave at least ninety days notice prior to the date which he chose. The notice given by Boston was proper.

The judgment is reversed and this cause is remanded for further proceedings.

All concur.