**SNEIL, LLC, Appellant,**

v.

**TYBE LEARNING CENTER, INC., and Regions Bank, as Successor to Union Planters Bank, N.A., Respondents,**

and

**Metropolitan St. Louis Sewer District, et al., Defendants.**

No. SC 92390.

Supreme Court of Missouri, En Banc.

July 3, 2012.

Phillip K. Gebhardt, Gebhardt Real Estate and Legal Services LLC, Desoto, Stanley D. Schnaare, The Schnaare Law Firm PC, argued, Hillsboro, for Sneil.

Rufus J. Tate Jr., The Tate Law Firm LLC, St. Louis, Anthony D. Gray, Johnson Gray LLC, St. Louis, for Tybe Learning Center.

Deborah J. Volmart, Hanna & Volmert LLC, Belleville, Ill., for Regions Bank.

ZEL M. FISCHER, Judge.

Sneil, LLC, sought to quiet title to 3645 Marietta Drive, Florissant, Missouri, and to eject Tybe Learning Center, Inc. and Regions Bank from that property. The circuit court found in favor of the Tybe and Regions. Sneil appealed. After opinion, the court of appeals transferred the case to this Court, which has jurisdiction. Mo. Const. art. V, sec. 10.[1]

## FACTS

On August 28, 2006, Sneil was the successful bidder for the real property located at 3645 Marietta Drive in St. Louis County at a first offering tax sale held by the St. Louis County collector of revenue. At the date of the sale, Tybe was the owner of the property and Regions, as successor to Union Planters Bank NA, had a recorded deed of trust on the property.

On August 27, 2007, Sneil's attorney sent a notice letter dated August 9, 2007, to Tybe and to Union Planters by certified mail, return receipt requested, that they both received the following day. The notice letter stated in part that:

On Monday, August 28, 2006, the Collector of Revenue of St. Louis County, Missouri, offered the tax lien certificate on the [property] for sale in a delinquent tax sale. This offering was the first or second offering of such property by the Collector of Revenue. At such sale, our firm's client, Sneil, LLC, purchased the tax lien certificate on the [property] for the sum of $41,700.00. A copy of the Tax Sale Certificate of Purchase evidencing this purchase is enclosed herein for your perusal and incorporated herein, as if set fully set forth.

Pursuant to Section 140.405 of the Revised Statutes of Missouri (RSMo), this letter is to give you notice of the intention of our firm's client Sneil, LLC to acquire a collector's deed to the ... property. A copy of Section 140.405, RSMo, is enclosed herein for your perusal.

If you wish to redeem your interest in the ... property, you should contact the Collection Division of the St. Louis County Department of Revenue at 41 South Central Avenue (Street Level), Clayton, Missouri 63105, Telephone (314) 615–4207, Fax (314) 615–5428.

The notice did not include the duration of the redemption period.

On December 6, 2007, the collector delivered a deed to the property to Sneil,

---

1. There exists a split of authority in court of appeals opinions as to whether a notice of sale in a tax sale case must include the duration of the redemption period. *Compare Drake Dev. & Constr., LLC v. Jacob Holdings, Inc.,* 306 S.W.3d 171 (Mo.App.2010); *Hames v. Bellistri,* 300 S.W.3d 235 (Mo.App.2009); *CedarBridge, LLC v. Eason,* 293 S.W.3d 462 (Mo.App.2009); *and Keylien Corp. v. Johnson,* 284 S.W.3d 606 (Mo.App.2009) (all four of which determined that for a tax sale notice to be sufficient, it must inform the recipient that the recipient has one year to redeem the property from the date of the tax sale or the recipient will be forever barred from doing so) *with United Asset Mgmt. Trust Co. v. Clark,* 332 S.W.3d 159 (Mo.App.2010) *and Boston v. Williamson,* 807 S.W.2d 216, 218 (Mo.App. 1991) (which determined that "notice need not have stated any time frame for redemption").

who recorded it December 18, 2007. On February 27, 2008, Sneil filed a petition seeking to quiet title to the property and to eject Tybe from the property.[2] The circuit court held an evidentiary hearing on February 14, 2011. Sneil requested that the circuit court make findings of fact and conclusions of law.

The circuit court found that the collector offered the property for sale as a "first offering" under the Jones–Munger Act (chapter 140, RSMo) and that both Tybe and Regions had an interest in the property in that Tybe owned the property at that time and Regions held a recorded deed of trust on the property. It further found that Sneil was the high bidder on the property at the collector's tax sale.

The circuit court also found that Sneil sent a notice to Tybe and to Union Planters on August 27, 2007, and that they received this notice via certified mail on August 28, 2007. In addition, it found that Sneil made no attempt to contact Tybe or Regions at any time prior to August 27, 2007. It further found that Sneil's notice did not inform Tybe or Regions of how long they had to exercise the right to redemption before they would be barred forever from doing so. The circuit court further found that the notice failed to provide either a specific redemption period expiration date or a number of days indicating the length of time that Tybe and Regions had to redeem the property. The notice simply stated that Tybe and Regions should contact the collection division of the St. Louis County department of revenue about redemption.

The circuit court found that Sneil filed an affidavit in support of its application for a collector's deed on September 6, 2007, received the deed on December 6, 2007, and recorded it on December 18, 2007. It also found that none of the defendants in the case redeemed their interests in the property prior to the issuance of the collector's deed. The circuit court additionally found that Tybe offered to pay Sneil in accordance with § 140.600.[3]

The circuit court concluded that the notice sent by Sneil to Tybe and Regions did not inform them of how long they had to exercise the right of redemption and that the notice failed to comply with the requirements of § 140.405. It determined that Sneil lost any interest in the property due to the insufficiencies of the notice provided to Tybe and Regions. The circuit court denied the relief requested by Sneil in count I of its petition and denied the relief requested in count II as moot. It ordered Tybe to contact the collector to get the cost of redemption and to pay Sneil in accordance with § 140.600 within 30 days. The circuit court expressly determined that there was no just cause for delay in entering judgment.

Sneil now appeals from this judgment.

## STANDARD OF REVIEW

The standard of review for any court-tried case is that "[t]his Court will affirm the judgment of the circuit court unless it misapplied or erroneously declared the law, or the judgment is not supported by substantial evidence, or the

---

2. The petition contained numerous other counts regarding four other separate parcels of property, which are not the subject of this appeal.

3. Unless noted otherwise, all further statutory citations are to RSMo Supp.2006. Part of the confusion that has led to a conflict in the court of appeals opinions relating to the timing and content of the notice of the right to redemption in tax sale cases has been the court's imparting analysis from the holdings in prior cases even though the statutes had been revised or otherwise amended. *See, e.g.,* *United Asset Mgmt.*, 332 S.W.3d at 164.

judgment is against the weight of the evidence." *JAS Apartments, Inc. v. Naji*, 354 S.W.3d 175, 182 (Mo. banc 2011) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)); *see also* Rule 84.13(d). "If the issue to be decided is one of fact," as is presented in this case, "this Court determines whether the judgment is supported by substantial evidence and whether the judgment is against the weight of the evidence." *Id.* "Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." *Id.* (quoting *Murphy*, 536 S.W.2d at 31). "If the trier of fact does not believe the evidence of the party bearing the burden, it properly can find for the other party." *White v. Dir. of Rev.*, 321 S.W.3d 298, 305 (Mo. banc 2010). "Generally, the party not having the burden of proof on an issue need not offer *any* evidence concerning it." *Id.* (emphasis added) (internal quotation omitted). "[T]he trier of fact has the right to disbelieve evidence, even when it is not contradicted." *Id.* at 307 (internal quotation omitted).

■ "When the facts of the case are contested, this Court defers to the trial court's assessment of the evidence." *Id.* "While a party can contest evidence by putting forth evidence to the contrary, a party can also contest evidence by cross-examination or by pointing out internal inconsistencies in the evidence." *Id.* at 308.

■ In a court-tried case, "it is the parties' duty to specifically request findings of fact and conclusions of law, identifying the issues they wish the court to decide."[4] *Hammons v. Ehney*, 924 S.W.2d 843, 849 (Mo. banc 1996). "Merely submitting proposed findings to aid the court does not trigger the court's duty to make findings of fact and law." *Id.* In this case, Sneil made a detailed request for findings of fact from the circuit court.

## ANALYSIS

Sneil contends that the circuit court erred by misapplying § 140.405 in denying it relief under count I on the basis that notice sent to Tybe and Regions was defective because Tybe and Regions' right to redeem the property was not limited to one year, but rather could last up to two years under § 140.410. Sneil also contends that the circuit court misapplied the law in denying it relief under count I of its petition on the basis that the notice letters did not inform Tybe and Regions of how long they had to exercise the right of redemption and "purportedly failed to comply" with the requirements of § 140.405. Sneil argues that § 140.405 "was drafted to integrate the *Hobson* Redemption Period[,]" and that "there is no universally applicable redemption period for all delinquent tax-payers or other interested parties." Sneil also argues that tax sale purchasers cannot give advance notice when they might be authorized to acquire a collector's deed because they cannot know in advance when all of the lawful requirements to get such a deed will be met.[5] Sneil further claims

---

**4.** Rule 73.01(c) states, in pertinent part:

The court may, or if requested by a party shall, include in the opinion findings on the controverted fact issues specified by the party. Any request for an opinion or findings of fact shall be made on the record before the introduction of evidence at trial or at such later time as the court may allow.

All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached.

**5.** Sneil states in its brief that to be "authorized to acquire a collector's deed," the purchaser must:

(1) Pay subsequent taxes, § 140.440, RSMo;

that neither § 140.405 nor "constitutional principles of due process" require that a tax sale purchaser provide advance notice of the time limits applicable for redemption or any other details related to the right of redemption. Sneil additionally posits that any "purported defects" in the notice were not grounds to invalidate the collector's deed and that the notice letters, sent on August 27, 2007, "gave notice of the right to redeem, which is all that § 140.405 requires."

## OVERVIEW OF CHAPTER 140

Chapter 140 provides that the county collector conduct an annual sale each August of real property on which tax payments have been delinquent. It also provides for three successive tax offerings. If, at the first offering, no one bids a sum equal to the delinquent taxes on a property, with interest, penalties, and costs, the county collector holds a second offering the following August. Section 140.250.1, RSMo 2000. If there are no adequate bids submitted at the second offering, a third offering is made the following August, and at the third offering, the property is sold to the highest bidder.[6]

A tax sale at a first and second offering is followed by a one-year redemption period during which the owner, occupant, or any other persons having an interest in the land or lot sold for taxes may redeem the real property by paying the purchase price plus the cost of the sale and interest to the county collector. Section 140.340.1. The purchaser at a first or second offering tax sale gets a certificate of purchase and does not acquire legal title until the redemption period has lapsed and said purchaser exercises the right to have legal title transferred. Section 140.290.1, RSMo 2000. If the property is not redeemed during the one-year statutory redemption period, "at the expiration thereof, and on production of certificate of purchase," the county collector is required to execute to the purchaser a deed to the property that vests in the grantee an estate in fee simple absolute. Section 140.420.

## CONFLICT IN THE COURT OF APPEALS AS TO § 140.405

Court of appeals' opinions have disagreed regarding how to interpret the notice requirements of § 140.405. Section 140.405 does not allow a purchaser to acquire the deed of property from the collector until he has complied with its notice requirements. The failure to comply with the § 140.405 notice requirements by the purchaser at a delinquent tax sale will result in the loss of all interest in the real property as a matter of law. *Harpagon MO, LLC v. Bosch,* 370 S.W.3d 579, 582–83 (Mo. banc 2012) (No. SC92074, decided July 3, 2012). Section 140.405 requires

(2) Tender the original of the certificate of purchase, § 140.420, RSMo;

(3) Tender recording fees for the collector's deed under § 140.410, RSMo;

(4) Comply with statutory noticing requirements and any noticing requirements set forth in applicable administrative rules or decisions21[sic], including the filing of an affidavit, . . . ;

(5) Comply with any noticing requirements imposed by the United States or Missouri Constitutions . . . ; and

(6) Comply with any other requirements imposed by any other laws applicable to the particular circumstances involved in any particular tax sale.

6. The legislature, which is the policymaking branch of government, has determined for policy reasons to treat third offering tax sales differently from first and second offering tax sales and revised the statutes accordingly, but this Court need not discuss these differences to resolve this case. *Hobson v. Elmer,* 349 Mo. 1131, 163 S.W.2d 1020 (1942), the principal case on which Sneil relies in its brief, was a third offering case.

that "[a]t least ninety days prior to the date when a purchaser is authorized to acquire the deed, the purchaser shall notify any person [with an interest in the property of that] person's right to redeem."

## CONFLICTING OPINIONS OF THE COURT OF APPEALS

The court of appeals has issued conflicting opinions as to both when a purchaser must send notice and what information a notice must contain. Some cases have held that the redemption period for first and second offering tax sales is one year, which begins to run on the date of the tax sale, and if the owner fails to redeem the property in this time period, the owner is barred forever from doing so. Section 140.340.1; *CedarBridge, LLC v. Eason,* 293 S.W.3d 462, 465 (Mo.App.2009); *Keylien Corp. v. Johnson,* 284 S.W.3d 606, 613 (Mo.App.2009). *CedarBridge* also held that the purchaser must send a sufficient notice at least 90 days before the purchaser is authorized to acquire a collector's deed to the property at the conclusion of the one-year redemption period. 293 S.W.3d at 465. Additionally, *CedarBridge* held that the notice must inform the recipient that the recipient has one year to redeem the real property from the date of the tax sale or be forever barred from doing so. *Id.*[7]

Other opinions come to a different conclusion.[8] *See United Asset Mgmt. Trust Co. v. Clark,* 332 S.W.3d 159 (Mo.App. 2010); *Boston v. Williamson,* 807 S.W.2d

216 (Mo.App.1991). *United Asset Management* stated that "[w]hile § 140.340.1 specifies a one year period of redemption for first and second offering sales beginning on the date of sale," an owner has "up until the purchaser presents the certificate of purchase to the collector" to "redeem the property and destroy the power of the purchaser to obtain a deed." 332 S.W.3d at 164. This conclusion was based on its determination that "[t]he phrase 'authorized to acquire the deed' refers to the date between [one] and [two] years from the sale on which the purchaser delivers his certificate of purchase to the collector." *Id.* at 172 n. 10 (quoting *Boston,* 807 S.W.2d at 218). As such, whatever date is chosen by the purchaser to deliver the tax sale certificate to the collector triggers the 90–day notice, and "[w]hen [the purchaser] chooses the date the purchaser is obligated to give notice at least ninety days in advance of the date chosen . . . ." *Boston,* 807 S.W.2d at 218. With regard to what the notice is required to contain, the court concludes that § 140.405 and due process require only notice that the property owner had a right to redeem. *United Asset Mgmt.,* 332 S.W.3d at 172–75.

## TIMELINESS AND SUFFICIENCY OF THE NOTICE

This Court reviews the differing statutory interpretations, considers the implications of essentially permitting the tax sale purchaser to set the date for redemption by when the purchaser chooses to pursue a collector's deed, and determines that such

---

7. The Southern District is in accord with *CedarBridge* regarding what is required in the notice sent by the purchaser at a first or second tax sale, namely that "a redemption notice must inform persons of the time frame in which they must act to redeem their property or be forever barred from doing so." *Drake Dev. & Constr., LLC v. Jacob Holdings, Inc.,* 306 S.W.3d 171, 174 (Mo.App.2010).

8. At the time this case was transferred to this Court, the Western District decided *Harpagon,* which was in conflict with the holdings in *CedarBridge,* 293 S.W.3d at 462, *Drake Dev.,* 306 S.W.3d 171, and *Keylien,* 284 S.W.3d 606. This Court's opinion in *Harpagon* is being handed down contemporaneously with this case.

an allowance would undermine the need for certainty in the law and place too much control in the hands of those who are not unbiased with regard to whether or not the landowner could successfully redeem his property. This Court has grave reservations about the implications of vesting a tax sale purchaser with the authority to set the deadline for a landowner to act to save that owner's own property by something as subjective and uncertain as the date the purchaser decides to put in a letter. Not only is such a date completely arbitrary, but there also is great potential for error, uncertainty, and deception in allowing such a practice. Further, this Court recognizes that public policy favors redemption and disfavors forfeiture and that the policy of the law is to give taxpayers every chance to redeem their property, compatible with the rights of the state. 85 C.J.S. *Taxation* § 1354 (2011).

This Court construes §§ 140.340 and 140.405 in *pari materia* and concludes that the proper meaningful and harmonious interpretation of the right to redeem in § 140.405 is to give it the meaning consistent with that set forth in § 140.340, that the landowner has one year from the date of the tax sale to redeem the real property. *Harpagon*, at 582–83. In *Harpagon*, the second offering tax sale at issue was held on August 27, 2007, and the notice sent was dated July 25, 2008. 370 S.W.3d at 581. The notice stated that the property owners had "90 days to redeem said property" and that if they failed to do so by said date they would "be forever foreclosed and barred from redemption." *Id.* It did not inform the property owners that they had one year from August 27, 2007, to redeem the property or be barred forever from doing so. This Court held that this notice was untimely under § 140.405 because it was not sent "at least 90 days prior to one year after the tax sale" and that as a matter of law, a collector's deed

becomes void if the purchaser fails to comply with the notice requirements of § 140.405; accordingly, the tax sale purchaser forfeited the property. 370 S.W.3d at 583–84.

In the present case, after acquiring the certificate of purchase for the property at a tax sale on August 28, 2006, Sneil did not send notice to Tybe and Regions until August 27, 2007, which is fewer than 90 days prior to the conclusion of Tybe and Regions' one-year redemption period. The notices sent stated Sneil's intent to acquire a collector's deed and referred Tybe and Regions to a copy of § 140.405 "for your perusal." Sneil advised the recipients of the notice to contact the collection division of the St. Louis County department of revenue, giving the contact information.

Sneil relies on § 140.410 and *Hobson v. Elmer*, 349 Mo. 1131, 163 S.W.2d 1020 (1942), to support its claim that the notice it provided was timely. It asserts that because § 140.410 extends an owner's right of redemption past one year, that notice does not have to be given 90 days prior to the one-year anniversary of the tax sale at which the purchaser acquired the certificate of purchase. Its reliance on § 140.410 is misplaced. Section 140.410 places a time limit on the purchaser to acquire a collector's deed within two years of the date of the tax sale and places the burden on the purchaser to acquire the deed in a timely manner or have the certificate of purchase cancelled. Section 140.410 does not address the rights of the landowner or other interested party in the real property at issue to redeem that property, but rather addresses the ability of a purchaser at a tax sale to attempt to acquire a collector's deed. Further, the ability of the landowner to redeem after the one-year period from the date of the tax

sale due to the failure of the purchaser to acquire a collector's deed is not the same as the absolute right to redeem that exists under § 140.340 during the year following the tax sale.

Sneil asserts that *Hobson* supports its argument in that it claims that § 140.405 was drafted to integrate the *Hobson* redemption period as demonstrated by the language of § 140.405, which states that notice must be provided 90 days prior to the date a purchaser is "authorized to acquire the deed." Sneil's reliance on *Hobson* is misplaced because that case involved a third offering tax sale, not a first offering tax sale, and the relevant statutes have been amended multiple times since the *Hobson* opinion.[9] Moreover, *Hobson* was not even a notice case, the notice requirement of § 140.405 was enacted more than 40 years after the *Hobson* decision and the phrase "authorized to acquire the deed" does not appear in *Hobson*. The fact that other courts have expanded the *Hobson* decision beyond its precise holding and facts and failed to give due regard to the statutory amendments by the legislature demonstrates the need for this Court to clarify the law.

Because the previous analysis provides a specific date as to when an owner's right to redemption expires, the next logical question is whether § 140.405 and due process require that the notice inform the owner of when that owner's right expires. Sneil cites to *Boston*, 807 S.W.2d at 218, for the proposition that § 140.405 does not require notice of the right of redemption 90 days or more prior to the end of the one-year period following the tax sale. *CedarBridge*, 293 S.W.3d at 465, expressly reached a contrary interpretation of § 140.405, holding that the purchaser must inform the recipient that the recipient "has one year from the date of the tax sale to redeem the property or be forever barred from doing so."

Sneil posits that neither § 140.405 nor due process requires that a tax sale purchaser provide advance notice of the time limits applicable for redemption or the specific procedures that must be followed. Sneil is correct with regard to § 140.405; the plain language of the statute requires nothing more than "the purchaser shall notify any person [with an interest in the property of that] person's right to redeem." Nothing in § 140.405 states that the notice needs to inform of the time frame in which the owner has to utilize the right. *United Asset Mgmt.*, 332 S.W.3d at 171. While a number of cases have held that § 140.405 requires that the notice sent by the purchaser at a tax sale inform the recipient that there is a one-year right of redemption, *see Hames v. Bellistri*, 300 S.W.3d 235, 239–40 (Mo.App. 2009); *CedarBridge*, 293 S.W.3d at 465; *Keylien*, 284 S.W.3d at 613, those cases do not find any support in the plain language of the statute. Instead, those cases sup-

---

**9.** The notice requirement first was enacted in section 140.405, RSMo 1984, with this relevant language: "At least 90 days prior to the date authorized to acquire the deed, purchaser shall notify any person who holds a publicly recorded deed of trust, mortgage, lease, lien, or claim upon that real estate of the latter's rights to redeem his security or claim." The statute was amended in 1987, 1996, 1998, 2003, and 2010. In 1987, the words "publicly recorded" were added before "security or claim" at the very end of the sentence above. In 2010, the statute added judgments to the types of publicly recorded unreleased deeds as well as enumerated that notice must be directed to the owner of record. However, the latter change arguably did not have a material effect on the meaning of the statute as an owner of record typically also will be a holder of one of the publicly recorded unreleased deeds. The other revisions to the statute, in 1996, 1998 and 2003, did not change the text above.

port their finding that "for a notice in a first or second offering tax sale to accurately inform the recipient of the right to redeem, the notice must indicate that the recipient has one year from the date of the tax sale to redeem" with two third offering cases: *Glasgow Enters., Inc., v. Brooks,* 234 S.W.3d 407 (Mo.App.2007), and *Valli v. Glasgow Enters., Inc.,* 204 S.W.3d 273 (Mo. App.2006). *Keylien,* 284 S.W.3d at 613. Neither *Brooks* nor *Valli* affirmatively states that the notice sent pursuant to § 140.405 must always indicate the amount of time that the recipient has to redeem the property in question; instead, both cases stand for the proposition that *if the purchaser decides to indicate the amount of time that the recipient has to redeem the property in question,* the purchaser must indicate the correct amount of time. *Brooks,* 234 S.W.3d at 411 (noting that the notice before the court was the same as those in *Valli* in that the notice in *Valli* failed to comply with the notice requirements of § 140.405 in that the notice "incorrectly stated the length of time in which the property owner could redeem the property.").

▮▮▮ Due process does not require that the notice include the time frame in which the owner must exercise the right to redeem. "A primary purpose of the notice required by the Due Process Clause is to ensure that the opportunity for a hearing is meaningful." *City of West Covina v. Perkins,* 525 U.S. 234, 240, 119 S.Ct. 678, 142 L.Ed.2d 636 (1999). Therefore, due process requires that a person seeking to acquire property in which another person has an interest "take reasonable steps to give notice" that the owner is in danger of losing the owner's interest in the property so "the owner can pursue available remedies." *Id.* Due process requires that the notice be "reasonably calculated, under all circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 795, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983).

▮▮▮ Notice does not, however, need to explain to those interested what remedial procedures are available to them. *Perkins,* 525 U.S. at 241, 119 S.Ct. 678. There is no rationale under due process that "justifies requiring individualized notice of state-law remedies which … are established by published, generally available state statutes and case law." *Id.* Once notice of the pending loss of interest has been given and that there is a remedy available to stop said loss, the owner can turn to public sources "to learn about the remedial procedures available to him." *Id.* For this reason, the recipient of the notice "must be held to a knowledge of the law." *United Asset Mgmt.,* 332 S.W.3d at 173 (quoting *Bishop v. Bd. of Educ. of Francis Howell Sch. Dist.,* 575 S.W.2d 827, 829 (Mo.App.1978)).

Applying the general principles of due process to § 140.405, when a purchaser provides an owner with notice of that owner's right to redeem the property purchased at a tax sale, the notice need not inform the purchaser of the steps that must be taken to redeem the property. *Perkins,* 525 U.S. at 241, 119 S.Ct. 678. These steps are set out in § 140.340, which is readily available to the public. The time period in which a purchaser must redeem the property also is set out clearly by § 140.340, which indicates that the interest may be redeemed "at any time during the one year next ensuing" the tax sale. The notice given by the purchaser to the owner need not include legal advice about how long the owner has to redeem. Therefore, this Court concludes that a purchaser does not need to indicate that the recipient has

one year from the date of the tax sale to redeem the property to comply with due process.[10]

In conclusion, for these reasons and those set forth in this Court's opinion in *Harpagon*, this Court holds that a purchaser is authorized to acquire a collector's deed for property purchased at tax sale one year after the sale. Accordingly, in order for the purchaser to send timely notice to the owner of that property of the right to redeem said property pursuant to § 140.405, the purchaser must send said notice 90 days prior to the one-year anniversary of the tax sale. This notice, however, need not inform the owner of the procedures that must be followed to redeem the property nor must it inform the owner of how long the owner has to redeem the property. Instead, the notice must only inform the owner of the right to redeem the property and allow time to research and pursue the procedures for exercising this right.[11]

Because Sneil did not meet all the requirements set out above in that it did not provide notice to Tybe and Regions 90 days prior to when it was authorized to acquire the deed, its notice was untimely and, therefore, pursuant to § 140.405, Sneil lost all interest in the property. To the extent that *United Asset Mgmt.*, 332 S.W.3d 159; *Drake Dev.*, 306 S.W.3d 171; *Hames*, 300 S.W.3d 235; *CedarBridge*, 293 S.W.3d 462; *Keylien*, 284 S.W.3d 606; and *Boston*, 807 S.W.2d 216, are to the contrary, they are no longer to be followed.

## SUFFICIENCY OF THE FINDINGS AND CONCLUSIONS OF THE CIRCUIT COURT

In its final argument, Sneil contends that the circuit court erred in denying it relief without making material findings of fact and conclusions of law as it requested. Sneil argues that such findings and conclusions are required by Rule 73.01 and a lack of such findings and conclusions materially affects the merits of the action and/or interferes with appellate review. Rule 73.01(c) provides in part that the circuit court, "if requested by a party shall, include in the opinion findings on the controverted fact issues specified by the party." It also provides that if a party requests, "the court shall dictate to the court reporter or prepare and file a brief opinion containing a statement of the grounds for its decision and the method of deciding any damages awarded."

■ Sneil timely requested a large number of findings of fact and conclusions of law. The circuit court did make findings of fact and conclusions of law, but admittedly did not address each and every one of the 46 requests for findings of fact and 60 requests for conclusions of law. However, the failure of a circuit court to make findings of fact that were requested properly does not automatically mandate reversal. *Ratteree v. Will*, 258 S.W.3d 864, 872 (Mo.App.2008); *see also Goldstein v. Studley*, 452 S.W.2d 75, 78–79 (Mo.1970). Only if such failure interferes materially with the appellate court's ability to review will it reverse; "if the record is sufficient

10. However, if a purchaser gratuitously decides to provide notice of the date by which the owner must redeem the property, then the purchaser must put the correct date or else risk violating the owner's due process rights. To avoid this risk, a purchaser could simply attach a copy of the applicable statute.

11. Ninety days, which is the minimum amount of time that an owner receiving timely notice will have to seek redemption of the property, is a sufficient amount of time to allow the owner a meaningful right to be heard.

to support the judgment, [the court] will affirm." *Ratteree*, 258 S.W.3d at 872.

 The circuit court made sufficient findings of fact and conclusions of law to permit this Court to make a meaningful review of the issues on appeal. The circuit court's material findings and conclusions set forth previously need not be repeated here. Furthermore, even assuming, *arguendo*, that the findings were not sufficient, Sneil waived any such argument by failing to file a post-trial motion to amend the judgment. Rule 78.07(c) states that "[i]n all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review." No such motion was filed in this case. Sneil, however, argues that no such motion was necessary because his claim that the circuit court made insufficient findings goes to the substance of the judgment not the form or language. This argument is unconvincing in that Rule 78.07(c) by its plain language indicates that findings, such as those required by a statute, are related to the form of the judgment.

Judgment affirmed.

TEITELMAN, C.J., RUSSELL, BRECKENRIDGE, STITH and PRICE, JJ., and BEETEM, Sp.J., concur. DRAPER, J., not participating.