

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| DEMETRIA TRUNNEL, | ) | |
| | ) | |
| Respondent, | ) | WD84114 |
| | ) | |
| v. | ) | OPINION FILED: September 21, |
| | ) | 2021 |
| MISSOURI HIGHER EDUCATION | ) | |
| LOAN AUTHORITY, | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Boone County, Missouri**
The Honorable Jeff Harris, Judge

Before Division Four:  Cynthia L. Martin, Chief Judge, Presiding, Gary D. Witt, Judge
and W. Ann Hansbrough, Special Judge

Missouri Higher Education Loan Authority ("MOHELA") appeals from the trial

court's order denying MOHELA's motion to compel arbitration.  MOHELA challenges

the trial court's determination that no valid arbitration agreement existed with Demetria

Trunnel ("Trunnel").  Finding no error, we affirm.

## Facts and Procedural Background[1]

On September 2, 2014, MOHELA hired Trunnel.  On that same date, Trunnel completed employment paperwork.  The employment paperwork included two documents associated with the purported arbitration agreement in this case: (1) a two-page document titled "MOHELA Policy Regarding Mandatory Alternative Dispute Resolution/ADR Process" ("ADR Process"); and (2) a one-page document titled "IMPORTANT ACKNOWLEDGMENT OF RECEIPT OF MOHELA MANDATORY POLICY ON ALTERNATIVE DISPUTE RESOLUTION/ADR PROCESS" ("Acknowledgment of Receipt").

The ADR Process document described a four-step alternative dispute resolution process, and provided, in relevant part:

> This policy is available and applies to all employees . . . who wish to raise an appropriate issue regarding an employee's legally-protected, employment-related rights. . . .
>
> In all cases, an employee must exhaust the preceding level of review before proceeding to the next level of review.  If an employee proceeds to resolve an issue covered by this policy and the ADR process in a forum other than those mandated by this policy and ADR process, the employee shall be responsible for all costs and expenses, including, but not limited to, reasonable attorneys' fees incurred by MOHELA in defending any such claims and issues. . . .

The ADR Process document included no signature lines.

---

[1]"We defer to the trial court's express factual determinations, and we view all other facts in the light most favorable to the court's ruling."  *Sharp v. Kansas City Power & Light Co.*, 457 S.W.3d 823, 824 n.1 (Mo. App. W.D. 2015 (citing *Baier v. Darden Rests.*, 420 S.W.3d 733, 736–37 (Mo. App. W.D. 2014)).

The Acknowledgment of Receipt document provided:

*IMPORTANT*

*ACKNOWLEDGMENT OF RECEIPT OF MOHELA MANDATORY POLICY ON ALTERNATIVE DISPUTE RESOLUITON/ADR PROCESS*

*The Alternative Dispute Resolution policy ("Policy") and its related process offers a quick and fair way to resolve disagreements involving legally-protected, employment-related rights. This Policy contains the rules and procedures MOHELA and its employees covered under this Policy must follow to resolve any covered claims through arbitration. This Policy does not waive any covered employee's substantive legal rights, nor does this Policy create or destroy any rights. It merely changes the forum where the dispute is resolved and the procedures to be followed. The Policy does not prevent an employee from filing a charge with an administrative agency like the Equal Employment Opportunity Commission, or the Missouri Commission on Human Rights. However, this policy must also be followed by employees.*

Effective June 1, 2005, all employees of MOHELA, its affiliates and subsidiaries shall be subject to the Mandatory Alternative Dispute Resolution/ADR Process Policy, a copy of which I acknowledge receiving. Employees are deemed to have agreed to the provisions of the Policy by virtue of accepting employment with the MOHELA and/or continuing employment with the MOHELA.

Employees are bound by this Policy even if they do not sign this Acknowledgment form.

EFFECTIVE on the next day following May 31, 2005 that I perform work for MOHELA, both MOHELA and I shall be entitled to the benefits of and mutually agree to become subject to the Policy attached to and incorporated in this Acknowledgement.

**THIS PAGE TO BE SIGNED BY EMPLOYEE**

**I ACKNOWLEDGE RECEIPT OF THE
MANDATORY ALTERNATIVE DISPUTE RESOLUTION/
ADR PROCESS POLICY.**

3

Employee:

_____ (Signature)

_____ (Date)


The Authority Witness:

_____ (Signature)

_____ (Name)

_____ (Date)

(Emphasis in original). Trunnel signed the Acknowledgment of Receipt document on the "Employee" signature line and dated her signature "9/2/14." The lines allotted for the "Authority Witness" were left blank.

Trunnel alleges that she was "constructively discharged" from MOHELA on January 11, 2019. On October 16, 2019, Trunnel filed suit against MOHELA in the Circuit Court of Boone County, Missouri alleging that MOHELA discriminated against her on the basis of race, sex, and disability, and that MOHELA retaliated against her once she complained of the discrimination.

On August 7, 2020, MOHELA moved to dismiss the proceedings and compel arbitration, or, in the alternative, to stay the proceedings and compel arbitration. MOHELA argued that all of Trunnel's claims "are subject to mandatory arbitration" because by signing the Acknowledgment of Receipt document, Trunnel "agreed to arbitrate any 'claims for discrimination, harassment, violation of any federal, state, or

4

other governmental law, statute or regulation, termination of employment or tort claims' that she might have against MOHELA."

Relying on *Jackson v. Higher Education Loan Authority of Missouri*, 497 S.W.3d 283 (Mo. App. E.D. 2016), Trunnel argued that the trial court should deny MOHELA's motion to compel arbitration. In *Jackson*, the Eastern District examined the same ADR Process and Acknowledgment of Receipt documents at issue here, and determined the documents did not create an agreement to arbitrate because MOHELA never extended an offer to be bound by an arbitration process that could be accepted by the employee. *Id*. at 289-90.

After a hearing on MOHELA's motion, the trial court issued an order denying the motion to compel arbitration. The trial court found that no arbitration agreement existed because MOHELA never extended an offer to be bound by an arbitration process that Trunnel could accept. The trial court found that *Jackson* was dispositive, as "the Eastern District Court of Appeals analyzed the very same Policy and the very same Acknowledgment that are in issue in this case and concluded that there was no 'offer' for the plaintiff's acceptance," in that "there was no 'objective manifestation' that [MOHELA] 'intended' the Policy and Acknowledgment to constitute an 'offer.'" The trial court also found that "[t]here was no consequence for an employee's failure to sign and employment was not contingent upon acceptance," and concluded that "'[m]ere acknowledgement' and publication of the Policy and an understanding of the Policy are not synonymous with acceptance of an offer." The trial court explained that it was persuaded by *Jackson's* reasoning that "[r]epeatedly using the term 'policy' but never using the term 'contract,' and

5

deeming an employee to have agreed to a policy without the employee's assent do not constitute an offer for the employee's acceptance."

MOHELA appeals.[2]

**Standard of Review**

We review the trial court's denial of a motion to compel arbitration *de novo*. *Miller v. Securitas Sec. Servs. USA Inc.*, 581 S.W.3d 723, 728 (Mo. App. W.D. 2019) (citing *Greene v. Alliance Auto., Inc.*, 435 S.W.3d 646, 649 (Mo. App. W.D. 2014)). "However, issues relating to the existence of an arbitration agreement are factual and require our deference to the trial court's findings." *Id.* (quoting *Baier v. Darden Rests.*, 420 S.W.3d 733, 736 (Mo. App. W.D. 2014)). "Where the trial court does not make factual findings, 'all fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached.'" *Id.* (quoting *Baier*, 420 S.W.3d at 737). Thus, our review of the trial court's "determination as to the existence of an agreement itself is analogous to that in a court-tried case." *Theroff v. Dollar Tree Stores, Inc.*, 591 S.W.3d 432, 436 (Mo. banc 2020) (quoting *Kunzie v. Jack-In-The-Box, Inc.*, 330 S.W.3d 476, 480 (Mo. App. E.D. 2010)). We will affirm the trial court's order "unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Duncan v. TitleMax of Mo., Inc.*, 607 S.W.3d 243, 247 (Mo. App. W.D. 2020) (quoting *Theroff*, 591 S.W.3d at

---

[2]An order denying a motion to compel arbitration is final and appealable immediately after the order has been issued, notwithstanding that the order is not denominated a final judgment; and the notice of appeal must be filed within ten days of the order. *Sanford v. CenturyTel. of Mo., LLC*, 490 S.W.3d 717, 721 (Mo. banc 2016); Rule 81.04(a); Section 435.440.1.

436).  MOHELA, as the party asserting the existence of a valid and enforceable contract to arbitrate, bears the burden of proving that proposition.  *Id.* at 249 (citation omitted).

## Analysis

MOHELA raises a single point on appeal, arguing that it was legal error for the trial court to conclude that there was no valid arbitration agreement because the Acknowledgment of Receipt document Trunnel signed "contain[s] clear language that a binding agreement [was] being offered," and because both acceptance and consideration were also present and not contested by Trunnel.  MOHELA concedes that the ADR Process and Acknowledgment of Receipt documents that the Eastern District examined in *Jackson* are identical to the documents involved in this case.  MOHELA argues, however, that it was error for the trial court to rely on *Jackson* to deny MOHELA's motion to compel arbitration because *Jackson* was wrongly decided, and because the present factual record is materially distinguishable from the factual record in *Jackson*.

### *Whether an arbitration agreement has been formed is a matter of state contract law*

"The Federal Arbitration Act (FAA) governs the applicability and enforceability of arbitration agreements in all contracts involving interstate commerce" and it applies even when "an arbitration agreement is executed in a single state by residents of that state if one of the parties to the agreement engages in business in multiple states." *State ex rel. Hewitt v. Kerr*, 461 S.W.3d 798, 805 (Mo. banc 2015) (citing 9 U.S.C. section 1 *et seq.*; *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003)).  Trunnel does not contest that the FAA is applicable to this case because MOHELA is engaged in business in multiple states.

7

Under the FAA, an arbitration agreement must be in writing. 9 U.S.C. section 3. Whether a writing is sufficient to form an arbitration agreement "is a matter of contract, and parties will be compelled to arbitrate their claims only if the arbitration agreement satisfies the essential elements of a valid contract." *Duncan*, 607 S.W.3d at 249 (quoting *Jimenez v. Cintas Corp.*, 475 S.W.3d 679, 683 (Mo. App. E.D. 2015)). Therefore, when presented with a motion to compel arbitration, a trial court "must determine whether a valid arbitration agreement exists" by applying "the usual rules of state contract law and canons of contract interpretation." *Miller*, 581 S.W.3d at 728-29 (quoting *Nitro Distrib., Inc. v. Dunn*, 194 S.W.3d 339, 345 (Mo. banc 2006)).

"The essential elements of any contract, including one for arbitration are offer, acceptance, and bargained for consideration." *Holm v. Menard, Inc.*, 618 S.W.3d 669, 674 (Mo. App. W.D. 2021) (quoting *TD Auto Fin., LLC v. Bedrosian*, 609 S.W.3d 763, 768 (Mo. App. E.D. 2020)). "Offer and acceptance requires a mutual agreement." *Miller*, 581 S.W.3d at 729 (quoting *Baier*, 420 S.W.3d at 738). "A mutual agreement is reached when the minds of the contracting parties meet upon and assent to the same thing in the same sense at the same time." *Id.* (quoting *Baier*, 420 S.W.3d at 738). "A meeting of the minds occurs when there is a definite offer and unequivocal acceptance." *Id.* (quoting *Baier*, 420 S.W.3d at 738). Further, "[w]hether there was a meeting of the minds is a question of fact for the trial court to decide." *Id.* (quoting *Jackson*, 497 S.W.3d at 289). "[T]he trier of fact has the right to disbelieve evidence, even when it is not contradicted." *Baier*, 420 S.W.3d at 737 (quoting *Sneil, LLC v. Tybe Learning Ctr., Inc.*, 370 S.W.3d 562, 567 (Mo. banc 2012)).

### *Jackson was not wrongly decided*

MOHELA first argues that the trial court committed legal error by relying on *Jackson* to find that no arbitration agreement existed because *Jackson* was wrongly decided. MOHELA correctly points out that this Court is not bound by the holding in *Jackson*, and urges us to conclude that *Jackson* was wrongly decided.[3] However, we find *Jackson* to be persuasive.

In *Jackson*, "[a]fter reviewing the plain and unambiguous language of both the Arbitration Process and Acknowledgment of Receipt [the Eastern District] conclude[d], as a matter of law, [that MOHELA] did not make an offer for Employee's acceptance." 497 S.W.3d at 289. The Eastern District observed that there was "no objective manifestation that [MOHELA] intended the [ADR] Process and Acknowledgment of Receipt to represent an 'offer.'" *Id.* The Eastern District explained:

> Conspicuously absent from both the Arbitration Process and Acknowledgement of Receipt[4] are the terms "contract" or "agreement." ***Certainly, this court does not attempt to insinuate said terms are indispensable so as to form a contract;*** however, ***[MOHELA's] use of the terms "policy" (which was used an astounding 21 times in the Acknowledgement of Receipt) and "acknowledgement" reflect a calculated attempt by [MOHELA] to camouflage an alleged offer that requires Employee's acceptance.*** [MOHELA's] linguistic smokescreen prevents Employee's (the offeree) awareness of the objective intent of

---

[3]Though MOHELA's point on appeal claims trial court error in relying on *Jackson*, the trial court had no authority but to follow appellate court precedent. The issue in this case is not, therefore, whether the trial court committed error in relying on *Jackson*, but is instead whether *Jackson* should be followed by this Court. Pursuant to Supreme Court Operating Rule 22.01 and Western District Special Rule 31, we may "choose[] not to follow a previous decision of" the Eastern District, provided the case is reheard *en banc* or "reviewed and approved by order of the court *en banc*." *See also Fidelity Real Estate Co. v. Norman*, 586 S.W.3d 873, 881-82 (Mo. App. W.D. 2019).

[4]The *Jackson* opinion (and the contents of the Acknowledgment of Receipt document) interchangeably refer to the document as both an "Acknowledgement" and "Acknowledgment" of Receipt. Because the document at issue is titled "Acknowledgment of Receipt [of the ADR Process]," we likewise refer to the document as "Acknowledgment of Receipt" and refrain from modifying *Jackson*'s denotation of the document.

9

[MOHELA] (the offeror) to enter into an agreement and vice versa. The Arbitration Process and Acknowledgement of Receipt do not signify "the manifestation of willingness to enter into a bargain, so made as to justify another in understanding that his assent to that bargain is invited and will conclude it."

*Id.* (emphasis added) (citation omitted).

*Jackson* thus concluded that rather than presenting an offer to be bound by the terms of the ADR Process, MOHELA "merely published the ADR Policy to Employee and caused Employee to indicate her receipt of said ADR Policy." *Id.* at 290. With respect to the Acknowledgment of Receipt document, the Eastern District explained:

The Acknowledgement of Receipt specifically indicates that "Employees are deemed to have agreed to the provisions of this Policy by virtue of accepting employment" and "both [MOHELA] and [Employee] shall be entitled to the benefits of and mutually agree to become subject to this [ADR] Policy." Nevertheless, the Acknowledgement of Receipt prescribes that the ADR Policy applies to an employee "even if they do not sign this Acknowledgement Form."

*Id.* at 289-90. Noting that there appeared to be no consequence for the "employee's failure or refusal to sign the Acknowledgement of Receipt" and that her employment was not contingent upon signing the document, the court concluded that the language of the ADR Policy "reveal[ed] that nothing was presented to Employee for her acceptance." *Id.*

The trial court relied on *Jackson* to arrive at its conclusion that there was no valid arbitration agreement between MOHELA and Trunnel. In its order, the trial court stated:

[T]he Court finds that there is no valid arbitration agreement because there was no offer for [Trunnel] to accept. As the *Jackson* court held, and the Court agrees, there was no "objective manifestation" that [MOHELA] "intended" the Policy and Acknowledgment to constitute an "offer." . . . The words "contract" and "agreement" are not prerequisites for a contract to be valid, but their absence in tandem with the repeated use of the word "policy" essentially "camouflage[s]" any offer, to quote *Jackson*.

10

(Citations omitted.)  In addition, the trial court made a factual finding that "[t]here was no consequence for an employee's failure to sign and employment was not contingent upon acceptance."  The trial court then concluded that Trunnel merely acknowledged receipt of the published ADR Process document, which was "not synonymous with acceptance of an offer;" rather, "as the *Jackson* court held, these facts demonstrate that no offer was presented for [Trunnel] to accept."

MOHELA argues that *Jackson* misstates Missouri law by holding that a document called a "policy" cannot be considered a contractual offer.  To support this contention, MOHELA relies on a federal district court case that is readily distinguishable.[5]  *Stillwell v. SLH Vista Inc.*, No. 4:15CV1465 HEA, 2016 WL 5661626, at *2 (E.D. Mo. Sept. 30, 2016).  Regardless, "[t]his Court is not bound by the decisions of federal district courts." *Fogelsong v. Joe Machens Auto. Grp. Inc.*, 600 S.W.3d 288, 295 n.3 (Mo. App. W.D. 2020) (citation omitted).  Even more fundamentally, however, MOHELA's contention relies on an inaccurate premise.  *Jackson* did not hold that use of the word "policy" in lieu of terms like "agreement" or "contract" is controlling, as a matter of law, on the issue of whether an offer to be bound by arbitration provisions was extended.  Rather, *Jackson*

---

[5]In *Stillwell*, an employee received a document entitled "Fair Treatment Process" and signed an acknowledgment form which the court found "specifically detail[ed] the terms and agreements regarding arbitration."  2016 WL 5661626, at *2.  The court also found that by signing the acknowledgment form, the employee not only acknowledged receipt of a copy of the "Fair Treatment Process," but also "further acknowledged that under the [Fair Treatment Process], both [she] and [the company] agreed to forego any right to a jury trial on any issues covered by the [Fair Treatment Process]." *Id.* at *1-2.  Thus, the court concluded that "[t]hrough the acknowledgement and [her] employment with [the company], she clearly accepted the offer." *Id.* at *2.  As we discuss, *infra*, Trunnel's signature on the Acknowledgment of Receipt document in the present matter merely acknowledged that she received a copy of the ADR Process.  Unlike Trunnel's acknowledgment, the federal district court in *Stillwell* specifically found that the employee acknowledged not only her understanding that she was bound by the terms of the Fair Treatment Process, but she also "acknowledged that under the [Fair Treatment Process], both [she] and [the company] agreed to forego any right to a jury trial on any issues covered by the [Fair Treatment Process]." *Id.* at *1-2.

11

held to the contrary. 497 S.W.3d at 289 (holding that "this court does not attempt to insinuate said terms ["contract" and "agreement"] are indispensable so as to form a contract"). *Jackson* looked at the entirety of the ADR Process and Acknowledgment of Receipt documents to determine whether a valid arbitration agreement had been formed. Prominent use of the word "policy" in lieu of "agreement" or "contract" was but one factor relied on by the Eastern District to reach the conclusion that no offer to be bound by an arbitration process had been extended that the employee could accept. *Id*. Our focus in this case, therefore, is appropriately and squarely directed on whether MOHELA extended an offer to Trunnel to be bound by the ADR Process that Trunnel could (and did) accept in a manner sufficient to form a written contract to arbitrate.

"At common law, an offer is made when the offer leads the offeree to reasonably believe that an offer has been made." *Miller*, 581 S.W.3d at 729 (quoting *Jackson*, 497 S.W.3d at 288). "Similarly, pursuant to the Restatement (Second) of Contracts, an offer is the manifestation of a willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." *Id.* (quoting *Jackson*, 497 S.W.3d at 288). "Acceptance of an offer is a manifestation of assent to the terms thereof made by the offeree in a manner invited or required by the offer." *Id.* at 730 (quoting *Jackson*, 497 S.W.3d at 289). "'Whether there exists mutual assent sufficient to form a contract is dependent upon the ***objective*** intentions of the parties,' which are determined 'by reviewing the parties' actions and words.'" *Id.* (quoting *Jackson*, 497 S.W.3d at 289).

12

MOHELA argues that *Jackson* (and thus the trial court) incorrectly concluded that the ADR Process and Acknowledgment of Receipt documents did not contain an offer which Trunnel could accept. We examine the documents separately.

Standing alone, the ADR Process document represents nothing more than a published statement of MOHELA's alternative dispute resolution policies and processes. Though the ADR Process document unilaterally states that it applies to all employees, the document includes no language or other feature (such as a signature line) that would permit a court to conclude that the ADR Process document is an offer as to which an employee could manifest assent. MOHELA effectively acknowledges as much, as it makes no attempt to argue that the ADR Process document is itself a contract, or an offer to enter into a contract.

Instead, MOHELA relies exclusively on language in the Acknowledgment of Receipt document to urge this Court to reject the holding in *Jackson*. MOHELA relies on provisions in the Acknowledgment of Receipt document to the effect that: (1) "Employees are deemed to have agreed to the provisions of the policy"; (2) "both MOHELA and I shall be entitled to the benefits of and mutually agree to become subject to the Policy attached to and incorporated in this Acknowledgement"; and (3) "the [ADR Process document] . . . contains the rules and procedures MOHELA and its employees covered under this Policy must follow . . . ." MOHELA argues that these provisions constitute an offer.

MOHELA's logic is flawed. As noted, "an offer is the manifestation of a willingness to enter into a bargain, *so made as to justify another person in*

13

***understanding that his assent to that bargain is invited and will conclude it***." *Miller*, 581 S.W.3d at 729 (emphasis added). The referenced provisions in the Acknowledgment of Receipt document are not self-proving of the existence of an offer. They summarily state that an agreement to submit to an arbitration process exists, but, in the absence of evidence of an invitation to assent, the provisions are not an "offer" to submit to an arbitration process. Stated another way, the provisions relied on by MOHELA cannot be an offer unless some other aspect of the Acknowledgment of Receipt document combines with the provisions to "justify . . . [an] understanding that . . . assent to [the provisions] is invited and will conclude it." *Id.*

Plainly, the provisions themselves are lacking in this regard. They do not state that an employee's signature on the Acknowledgment of Receipt document will manifest an employee's understanding of, and acceptance to be bound by, the ADR Process. That omission is particularly glaring in light of the fact that immediately preceding the signature block on the Acknowledgment of Receipt, the documents provides, in capital letters, "I ACKNOWLEDGE RECEIPT OF THE [ADR PROCESS]." This plain language does not invite assent to the ADR Process and affords an employee no indication that by signing, the employee is manifesting an understanding of, and acceptance to be bound by, the ADR Process. If anything, the qualifying language above the signature line expressly prohibits a conclusion that an employee's signature on the Acknowledgment of Receipt document constitutes acceptance of, and an agreement to be bound by, the ADR Process. Instead, by the document's plain terms, an employee's

14

signature on the Acknowledgment of Receipt document confirms only that the employee received a copy of the ADR Process.

We therefore reject MOHELA's contention that the provisions it references in the Acknowledgment of Receipt document constitute an offer. This conclusion is consistent with the holding in *Jackson*, and is also supported by persuasive precedent instructing that an employee's signature on a form which merely acknowledges receipt of a policy does not express assent to any terms contained in the policy. *Shockley v. PrimeLending*, 929 F.3d 1012, 1019 (8th Cir. 2019) ("Applying Missouri contract law, we conclude [the employee's] mere review of the subject materials did not constitute an acceptance on her part" because "[a]n acknowledgment of a review of offered terms alone does not evince an intent to accept those terms." (citing *Jackson*, 497 S.W.3d at 290)); *Harmon v. Philip Morris Inc.*, 697 N.E.2d 270, 272 (Ohio Ct. App. 1997) (Employee's signed acknowledgment form was not an acceptance of an offer because "[h]e merely acknowledged his receipt and understanding of the items presented to him. He never expressed assent to those terms.").

Our conclusion is also bolstered by the fact that MOHELA has ignored provisions in the Acknowledgment of Receipt document that directly dispel its contention that the document constitutes an "offer" to be bound by the ADR Process. Specifically, the Acknowledgment of Receipt document provides:

> Employees are deemed to have agreed to the provisions of the Policy by virtue of accepting employment with the MOHELA and/or continuing employment with the MOHELA.

15

> Employees are bound by this Policy even if they do not sign this Acknowledgment form.

The Acknowledgment of Receipt document thus purports to impose an obligation to arbitrate on employees whether or not the employee signs the Acknowledgment of Receipt document. It is disingenuous for MOHELA to suggest that other provisions in the same document constitute an offer that would justify an employee in understanding that assent is invited as to result in a mutual agreement, particularly given the express qualifier preceding the signature line.

Undeterred, MOHELA argues that we should reject *Jackson* because the facts of this case are more similar to *Miller v. Securitas Security Services USA Inc.*, 581 S.W.3d 723 (Mo. App. W.D. 2019), where our Court found that an employer and employee formed a valid arbitration agreement. MOHELA also asserts that *Miller* "flatly rejects *Jackson*'s argument that no offer was made" and as such we should follow *Miller*'s reasoning rather than *Jackson* to conclude that an offer was extended to Trunnel. We disagree with both contentions.

*Miller* did not reject *Jackson*. Rather, our Court distinguished the *Miller* arbitration agreement from the ADR Process and Acknowledgment of Receipt documents at issue in this case. 581 S.W.3d at 729-30. The *Miller* opinion emphasized that its agreement was titled "'Dispute Resolution *Agreement*, and the introductory paragraph confirmed in bold lettering that this was an 'arbitration agreement.'" *Id.* at 730 (emphasis added). The agreement was not described as a "policy or "process," and, unlike the ADR Process, which did not mention the Acknowledgment of Receipt document, the

16

agreement in *Miller* directly requested that the employee "read the Agreement carefully, and sign the acknowledgment at the bottom." *Id.* at 729. *Miller* thus held that the "Dispute Resolution Agreement Acknowledgment" at issue in that case was an offer to be bound by the agreement that was then accepted because it stated: (1) "I have received a copy of [the Dispute Resolution Agreement]"; (2) I have read and *I understand* all of the terms"; (3) "*I understand* that employment or continued employment at the Company *constitutes acceptance* of this Agreement and its terms"; and (4) "I further *acknowledge that the Company and I are mutually bound by this Agreement and its terms*." *Id.* at 727 (emphasis added). *Miller* then distinguished *Jackson* by noting that "[c]ontrary to the employer in *Jackson*, [the employer] did not hide behind 'linguistic smokescreens' but instead clearly stated its intent to enter into an arbitration agreement with [the employee]." *Id.* at 730.

For the reasons explained, we conclude that *Jackson* was not wrongly decided. The trial court correctly relied on *Jackson* to hold that the ADR Process and Acknowledgment of Receipt documents do not constitute a contract to arbitrate because no offer was extended for Trunnel to unequivocally accept.

### *An outcome other than that reached in <u>Jackson</u> is not warranted based on different facts*

MOHELA next argues that even if *Jackson* was properly decided, it is not controlling because the factual record in this case materially differs from the factual record in *Jackson*. We disagree.

17

In *Jackson*, the Eastern District found that "[t]here appears to be no consequence for an employee's failure or refusal to sign the Acknowledgement of Receipt; the ADR Policy will apply to an employee regardless of his or her execution of the Acknowledgement of Receipt."  497 S.W.3d at 290.  In an attempt to distinguish this finding in *Jackson*, MOHELA relies on an affidavit signed by MOHELA's Assistant Director of Human Resources which was attached to its motion to compel arbitration. The affidavit summarily stated:

> New hires are provided a copy of the ADR Agreement . . . and are asked to sign a form acknowledging receipt thereof and agreeing to be bound thereby. . . .  ***Agreeing to be bound by the ADR Agreement was a condition of Ms. Trunnel's employment with MOHELA.  If anyone without a specific employment agreement or letter of appointment with MOHELA refused to be bound by the ADR Agreement, he or she was not eligible for employment with MOHELA***.

(Emphasis added.)

MOHELA contends that the trial court "completely failed to address this critical factual distinction."  That is not accurate.  The affidavit was attached to MOHELA's motion to compel arbitration and was referenced throughout the hearing on the motion to compel arbitration.  In its order denying the motion to compel arbitration, the trial court found that "[t]here was no consequence for an employee's failure to sign [the Acknowledgment of Receipt] and employment was not contingent upon acceptance," clearly signaling that the trial court did not find MOHELA's self-serving affidavit to be credible.

"The trial court was free to disregard [MOHELA's] self-serving claim" that Trunnel would not have been eligible for employment had she not signed the

18

Acknowledgment of Receipt, a factual finding to which we must defer. *Baier*, 420 S.W.3d at 738, 739 (citing *Sneil, LLC*, 370 S.W.3d at 567). That is particularly so since an express provision in the Acknowledgment of Receipt document is facially inconsistent with the affidavit. As noted, the Acknowledgment of Receipt document states that "[e]mployees are bound by [the ADR Process] *even if they do not sign this Acknowledgment form*." (Emphasis added.) If signature on the Acknowledgment of Receipt document was a condition of employment as expressed in MOHELA's self-serving affidavit, then there would be no need to advise employees that they would be deemed bound by the ADR Process by accepting employment even if they did not sign the Acknowledgment of Receipt document.

For the reasons discussed herein, we conclude that MOHELA never extended a written offer to be bound by the ADR Process that Trunnel could unequivocally accept. As such, no written contract to arbitrate was ever formed.[6] The trial court did not err when it denied MOHELA's motion to compel arbitration.

Point One is denied.

---

[6]Although not discussed by either party, we question (but need not decide) whether mutual assent to the purported arbitration agreement was lacking. Although the Acknowledgment of Receipt provided for an "Authority Witness" signature line, the signature line was not signed by a MOHELA representative. *See Baier*, 420 S.W.3d at 739-40 ("[C]ontrary evidence of [employer's] intent [to enter into an arbitration agreement with employee] existed in the record" where the acknowledgment form contained a "'Management Signature' line that [employer] did not sign. . . . The trial court could reasonably have believed that inclusion of a line for 'Management Signature' on the First Acknowledgement reflected [employer's] intent that its signature be affixed as a condition of mutual assent.").

19

## Conclusion

The trial court's order denying MOHELA's motion to compel arbitration is affirmed.

_Cynthia L. Martin_
Cynthia L. Martin, Judge

All concur

20